# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

*Disability Rights Florida, et al.*,
Plaintiffs-Appellees,

v.

*Florida Secretary of State*,
Defendant-Appellant.

U.S. District Court for the Northern District of Florida, Nos. 4:21-cv-186-MW-MAF, 4:21-cv-187-MW-MAF, 4:21-cv-201-MW-MAF, and 4:21-cv-242-MW-MAF (Walker, J.)

## DEFENDANT-APPELLANT FLORIDA SECRETARY OF STATE'S
## INITIAL BRIEF ON FEES

Ashley E. Davis
  GENERAL COUNSEL
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building, Suite 100
500 South Bronough Street
Tallahassee, Florida 32399
(850) 245-6536

Mohammad O. Jazil
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, Florida 32301
(850) 270-5938

*Counsel for the Florida Secretary of State*

Disability Rights Florida, et al. v. Florida Secretary of State
No. 25-10184 (consolidated with 25-10186, 25-10613, and 25-11163)
## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Per Rule 26.1 and Circuit Rule 26.1-1 to 26.1-3, Defendant-Appellant Florida Secretary of State certifies that the following have an interest in the outcome of this case. Note that "Defendant(s)," as opposed to "Defendant-Appellant," refers to defendants in the case, other than the Florida Secretary of State.

1. Adkins, Janet, *Defendant*

2. Abudu, Nancy, *Attorney for Plaintiffs-Appellees*

3. Advancement Project National Office, *Attorneys for Plaintiffs-Appellees*

4. Aguilera, Cecilia, *Attorney for Plaintiffs-Appellees*

5. Alachua County Attorney's Office, *Attorneys for Defendant*

6. Andersen, Mark, *Defendant*

7. Anderson, Christopher, *Defendant*

8. Anderson, Shirley, *Defendant*

9. Anstaett, David, *Attorney for Plaintiffs-Appellees*

10. Arnold & Porter, LLP, *Attorneys for Plaintiffs-Appellees*

11. Arnold, Melissa, *Defendant*

12. Arrington, Mary, *Defendant*

13. Baird, Maureen, *Defendant*

14. Baker McKenzie, LLP, *Attorney for Plaintiffs-Appellees*

15. Bardos, Andy, *Attorney for Defendants*

16. Barton, Kim, *Defendant*

17. Beasley, Bobby, *Defendant*

18. Begakis, Steven, *Attorney for Intervenor-Defendant*

19. Bell, Daniel, *Chief Deputy Solicitor General of Florida*

20. Benda, Kyle, *Attorney for Defendant*

21. Bennett, Michael, *Defendant*

22. Bentley and Bruning PA, *Attorney for Defendant*

23. Bentley, Morgan, *Attorney for Defendant*

24. Bernstein, Daniel, *Attorney for Plaintiffs-Appellees*

25. Bishop, Marty, *Defendant*

26. Black Voters Matter Fund LLC, *Plaintiff-Appellee*

27. Bledsoe, William, *Attorney for Defendant*

28. Branch, Aria, *Attorney for Plaintiffs-Appellees*

29. Brewton Plante PA, *Attorneys for Defendants*

30. Brigham, Robert, *Plaintiff-Appellee*

31. Brodeen, Karen, *Attorney for Defendants*

32. Broward County Attorney's Office, *Attorney for Defendant*

33. Brown, Summer, *Attorney for Defendant*

34. Brown, Tomi, *Defendant*

35. Budhu, Ryan, *Attorney for Plaintiffs-Appellees*

36. Byrd, Cord, *Defendant-Appellant*

37. Cannon, Starlet, *Defendant*

38. Case, Andrew, *Attorney for Plaintiffs-Appellees*

39. Chambless, Chris, *Defendant*

40. Chason, Sharon, *Defendant*

41. Choi, Ellen, *Attorney for Plaintiffs-Appellees*

42. Chorba, William, *Attorney for Defendant*

43. City of Jacksonville, Office of General Counsel, *Attorneys for Defendant*

44. Clark Partington, *Attorneys for Defendant*

45. Common Cause, *Plaintiff-Appellee*

46. Consovoy McCarthy PLLC, *Attorneys for Intervenor-Defendant*

47. Conyers, Grant, *Defendant*

48. Corley, Brian, *Defendant*

49. County of Volusia, *Attorneys for Defendant*

50. Covington & Burling LLP, *Attorneys for Plaintiffs-Appellees*

51. Cowles, Bill, *Defendant*

52. Cuffe, Edward, *Attorney for Defendant*

53. Cycon, John, *Attorney for Defendant-Appellant*

54. Dandeneau, Debra, *Attorney for Plaintiffs-Appellees*

55. Darrow Everett LLP, *Attorneys for Plaintiffs-Appellees*

56. Davis, Ashley, *Attorney for Defendant-Appellant*

57. Davis, Vicki, *Defendant*

58. Demos, *Attorneys for Plaintiffs-Appellees*

59. Devaney, William, *Attorney for Plaintiffs-Appellees*

60. Disability Rights Florida, *Plaintiff-Appellee*

61. District of Columbia, *Amicus*

62. Doyle, Tommy, *Defendant*

63. Driggers, Heath, *Defendant*

64. Druks, Roni, *Attorney for Plaintiffs-Appellees*

65. Duke, P. Benjamin, *Attorney for Plaintiffs-Appellees*

66. Dunaway, Carol, *Defendant*

67. Earley, Mark, *Defendant*

68. Edwards, Brendalyn, *Attorney for Defendant*

69. Edwards, Jennifer, *Defendant*

70. Edwards, Lori, *Defendant*

71. Elias Law Group, *Attorneys for Plaintiffs-Appellees*

72. Elias, Marc, *Attorney for Plaintiffs-Appellees*

73. Ellis, Elizabeth, *Attorney for Defendant*

74. Equal Ground Education Fund, *Plaintiff-Appellee*

75. Erdelyi, Susan, *Attorney for Defendants*

76. Escambia County Attorney's Office, *Attorneys for Defendant*

77. Fair Elections Center, *Attorneys for Plaintiffs-Appellees*

78. Fajana, Francisca, *Attorney for Plaintiffs-Appellees*

79. Fajana, Morenike, *Attorney for Plaintiffs-Appellees*

80. Farnam, Alteris, *Defendant*

81. Faruqui, Bilal, *Attorney for Defendant*

82. Feiser, Craig, *Attorney for Defendant*

83. Ferenc, Samuel, *Attorney for Plaintiffs-Appellees*

84. Florida Alliance for Retired Americans Inc., *Plaintiff-Appellee*

85. Florida Department of State, *Defendant-Appellant*

86. Florida Office of the Attorney General, *Attorneys for Defendant*

87. Florida Rising Together, *Plaintiff-Appellee*

88. Florida State Conference of the NAACP, *Plaintiff-Appellee*

89. Ford, Christina, *Attorney for Plaintiffs-Appellees*

90. Fouhey, Elizabeth, *Attorney for Plaintiffs-Appellees*

91. Fox, David, *Attorney for Plaintiffs-Appellees*

92. Freedman, John, *Attorney for Plaintiffs-Appellees*

93. Frost, Elisabeth, *Attorney for Plaintiffs-Appellees*

94. Galbraith, Miles, *Attorney for Plaintiffs-Appellees*

95. Galindo, Emily, *Attorney for Plaintiffs-Appellees*

96. Gardner Bist Bowden et al, *Attorneys for Defendants*

97. Genberg, Jack, *Attorney for Plaintiffs-Appellees*

98. Giannini, Mary, *Attorney for Defendant*

99. Gibson, Benjamin, *Attorney for Intervenor-Defendant*

100.  Gibson, Francesca, *Attorney for Plaintiffs-Appellees*

101.  Gray Robinson PA, *Attorneys for Defendant*

102.  Green, Tyler, *Attorney for Intervenor-Defendant*

103.  Griffin, Joyce, *Defendant*

104.  Grimm, Dillon, *Attorney for Plaintiffs-Appellees*

105.  Hanlon, John, *Defendant*

106.  Harriett Tubman Freedom Fighters Corp., *Plaintiff-Appellee*

107.  Hart, Travis, *Defendant*

108.  Hays, Alan, *Defendant*

109.  Healy, Karen, *Highlands County Supervisor of Elections*

110.  Heard, Bradley, *Attorney for Plaintiffs-Appellees*

111.  Henderson Franklin Starnes etc., *Attorneys for Defendants*

112.  Hernando County Attorney's Office, *Attorneys for Defendant*

113.  Herron, Mark, *Attorney for Defendant*

114.  Hillsborough County Office of the County Attorney, *Attorneys for Defendant*

115.  Hirschel, Andrew, *Attorney for Plaintiffs-Appellees*

116.  Hispanic Federation, *Plaintiff-Appellee*

117.  Hogan, Mike, *Defendant*

118.  Holt, Dallin, *Attorney for Defendant-Appellant*

119.  Holtzman Vogel Baran, et al., *Attorneys for Defendants-Appellant*

120. Hoots, Brenda, *Defendant*

121. Houlihan, Ashley, *Attorney for Defendant*

122. Hutto, Laura, *Defendant*

123. Janousek, John, *Attorney for Defendants*

124. Jarone, Joseph, *Attorney for Defendant*

125. Jazil, Mohammad, *Attorney for Defendant-Appellant*

126. Johnson, Diana, *Attorney for Defendant*

127. Johnson, Kia, *Attorney for Defendant*

128. Jones, Tammy, *Defendant*

129. Jouben, Jon, *Attorney for Defendant*

130. Joyner, Nia, *Attorney for Plaintiffs-Appellees*

131. Kahn, Jared, *Attorney for Defendant*

132. Kanter Cohen, Michelle, *Attorney for Plaintiffs-Appellees*

133. Karpatkin, Jeremy, *Attorney for Plaintiffs-Appellees*

134. Keen, William, *Defendant*

135. Khan, Sabrina, *Attorney for Plaintiffs-Appellees*

136. Khazem, Jad, *Attorney for Plaintiffs-Appellees*

137. King Blackwell Zehnder, et al., PA, *Attorneys for Plaintiffs-Appellees*

138. King, Nellie, *Attorney for Plaintiffs-Appellees*

139. Kinsey, Jennifer, *Defendant*

140. Kirk, Stephen, *Plaintiff-Appellee*

141. Klitsberg, Nathaniel, *Attorney for Defendant*

142. Knight, Shirley, *Defendant*

143. Labasky, Ronald, *Attorney for Defendants*

144. Latimer, Craig, *Defendant*

145. Latino Justice PRLDEF, *Attorneys for Plaintiffs-Appellees*

146. Lavia, John, *Attorney for Defendants*

147. Law Offices of Nellie King PA, *Attorneys for Plaintiffs-Appellees*

148. League of Women Voters of Florida Education Fund Inc., *Plaintiff-Appellee*

149. League of Women Voters of Florida, *Plaintiff-Appellee*

150. Lenhart, Kaiti, *Defendant*

151. Lewis, Lisa, *Defendant*

152. Link, Wendy, *Defendant*

153. Lopez, Janine, *Attorney for Plaintiffs-Appellees*

154. Lux, Paul, *Defendant*

155. Madduri, Lalitha, *Attorney for Plaintiffs-Appellees*

156. Madison, Alan, *Plaintiff-Appellee*

157. Marcus, Julie, *Defendant*

158. Mari, Frank, *Attorney for Defendants*

159. Marks Gray PA, *Attorneys for Defendant*

160. McNeil, Justin, *Jefferson County Supervisor of Elections*

161. McVay, Bradley, *Attorney for Defendant-Appellant*

162. Meadows, Therisa, *Defendant*

163. Meros, George, *Attorney for Intervenor-Defendant*

164. Messer Caparello & Self PA, *Attorneys for Defendant*

165. Miami-Dade County Attorney's Office, *Attorneys for Defendant*

166. Miller, Jeffrey, *Attorney for Plaintiff-Appellees*

167. Milton, Chris, *Defendant*

168. Mood, Kirsten, *Attorney for Defendant*

169. Moody, Ashley, *Defendant*

170. Moore, James, *Attorney for Defendants*

171. Morgan, Joseph, *Defendant*

172. NAACP Legal Defense & Education Fund, Inc., *Attorneys for Plaintiffs-Appellees*

173. Nabors Giblin, & Nickerson PA, *Attorneys for Defendant*

174. Nasseri, Cyrus, *Attorney for Plaintiffs-Appellees*

175. National Center for Law and Economic Justice, *Attorneys for Plaintiffs-Appellees*

176. National Republican Senatorial Committee, *Intervenor-Defendant*

177. Negley, Mark, *Defendant*

178. Nordby, Daniel, *Attorney for Intervenor-Defendant*

179. Norris, Cameron, *Attorney for Intervenor-Defendant*

180. Oakes, Vicky, *Defendant*

181. O'Brien, Colleen, *Attorney for Defendant-Appellant*

182. O'Bryant, Patrick, *Attorney for Defendant*

183. O'Callaghan, Brendan, *Attorney for Plaintiffs-Appellees*

184. Ogg, Penny, *Defendant*

185. Olivo, Geraldo, *Attorney for Defendants*

186. Osborne, Deborah, *Defendant*

187. Ott, London, *Attorney for Defendant*

188. Overturf, Charles, *Defendant*

189. Palm Beach County Supervisor of Elections, *Attorneys for Defendant*

190. Paralyzed Veterans of America Central Florida Chapter, *Plaintiff-Appellee*

191. Paralyzed Veterans of America Florida Chapter, *Plaintiff-Appellee*

192. Perkins Coie LLP, *Attorneys for Plaintiffs-Appellees*

193. Perko, Gary, *Attorney for Defendant-Appellant*

194. Pinellas County Attorney's Office, *Attorneys for Defendant*

195. Poder Latinx, *Plaintiff-Appellee*

196. Poliak, Shira, *Attorney for Plaintiffs-Appellees*

197. Price, Tara, *Attorney for Intervenor-Defendant*

198. Republican National Committee, *Intervenor-Defendant*

199. Riley, Heathers, *Defendant*

200. Rogers, Susan, *Plaintiff-Appellee*

201. Romero-Craft, Kira, *Attorney for Plaintiffs-Appellees*

202. Roper PA, *Attorneys for Defendants*

203.  Rosenthal, Oren, *Attorney for Defendant*

204.  Rudd, Carol, *Defendant*

205.  Salzillo, Benjamin, *Attorney for Defendant*

206.  Sanchez, Connie, *Defendant*

207.  Scoon, Cecile, *Plaintiff-Appellee*

208.  Scott, Dale, *Attorney for Defendant*

209.  Scott, Joe, *Defendant*

210.  Scott, Lori, *Defendant*

211.  Scott, Sharion, *Attorney for Plaintiffs-Appellees*

212.  Segarra, Esperanza, *Attorney for Plaintiffs-Appellees*

213.  Seyfang, Amanda, *Defendant*

214.  Shannin Law Firm PA, *Attorneys for Defendants*

215.  Shannin, Nicholas, *Attorney for Defendant*

216.  Shapiro, Peter, *Attorney for Plaintiffs-Appellees*

217.  Shaud, Matthew, *Attorney for Defendant*

218.  Shearman, Robert, *Attorney for Defendants*

219.  Sherman, Jonathan, *Attorney for Plaintiffs-Appellees*

220.  Shutts & Bowen LLP, *Attorneys for Intervenor-Defendant*

221.  Siegel, Rachel, *Attorney for Defendant*

222.  Sivalingam, Danielle, *Attorney for Plaintiffs-Appellees*

223.  Smith, Diane, *Defendant*

224.   Southerland, Dana, *Defendant*

225.   Southern Poverty Law Center, *Attorneys for Plaintiffs-Appellees*

226.   Stafford, David, *Defendant*

227.   Stafford, William, *Attorney for Defendant*

228.   Stamoulis, Paula, *Defendant*

229.   Stewart, Gregory, *Attorney for Defendant*

230.   Stiefel, Aaron, *Attorney for Plaintiffs-Appellees*

231.   Swain, Robert, *Attorney for Defendant*

232.   Swan, Leslie, *Defendant*

233.   Tarpley, Carlton, *Attorney for Plaintiffs-Appellees*

234.   Theodore, Elisabeth, *Attorney for Plaintiffs-Appellees*

235.   Todd, Stephen, *Attorney for Defendant*

236.   Trigg, Amia, *Attorney for Plaintiffs-Appellees*

237.   Tuetken, Adam, *Attorney for Amicus*

238.   Turner, Ron, *Defendant*

239.   United States of America, *Amicus*

240.   UnidosUS, *Plaintiff-Appellee*

241.   Valdes, Michael, *Attorney for Defendant*

242.   Vicari, Kelly*, Attorney for Defendant*

243.   Vigil, Angela, *Attorney for Plaintiffs-Appellees*

244.   Villane, Tappie, *Defendant*

245. Volusia County Attorney, *Attorneys for Defendant*

246. Walker, Gertrude, *Defendant*

247. Walker, Mark, *District Court Judge*

248. Washington, D.C., Office of the Attorney General, *Attorneys for Amicus*

249. Wermuth, Frederick, *Attorney for Plaintiffs-Appellees*

250. Whitaker, Henry C., *Solicitor General of Florida*

251. White, Christina, *Defendant*

252. Wilcox, Wesley, *Defendant*

253. Williams, Jillian, *Attorney for Plaintiffs-Appellees*

254. Wright, Brenda, *Attorney for Plaintiffs-Appellees*

255. Zacherl, Frank, *Attorney for Intervenor-Defendant*

256. Zender, Thomas, *Attorney for Plaintiffs-Appellees*

Per Circuit Rule 26.1-2(c), Defendant-Appellant Florida Secretary of State certifies that the CIP contained herein is complete.

Dated: December 10, 2025

/s/ Mohammad O. Jazil
Mohammad O. Jazil
*Counsel for Defendant-Appellant Florida*
*Secretary of State*

# TABLE OF CONTENTS

Table of Authorities ...................................................................................................iii

Preliminary Statement ................................................................................................ vi

Statement Regarding Oral Argument ......................................................................... 1

Introduction ................................................................................................................. 2

Jurisdictional Statement .............................................................................................. 3

Statement of the Issues ................................................................................................ 4

Statement of the Case .................................................................................................. 4

    A.  Case No. 4:21-cv-187 ........................................................................................ 5

    B.  Case No. 4:21-cv-201 ........................................................................................ 6

    C.  Case No. 4:21-cv-186 ........................................................................................ 8

    D.  Case No. 4:21-cv-242 ...................................................................................... 10

Standard of Review .................................................................................................... 11

Summary of the Argument......................................................................................... 11

Argument .................................................................................................................... 12

    I.  The district court erred in holding that Plaintiffs are entitled to fees and expenses for their Registration-Disclaimer Provision challenge despite this Court's *Munsingwear* vacatur. .................................................................... 12

    II.  The district court erred in holding that Plaintiffs are entitled to fees and expenses for their Solicitation Definition challenge from the Secretary as an intervening defendant......................................................................................... 16

Conclusion .................................................................................................................. 23

Certificate of Compliance .......................................................................................... 25

Certificate of Service ................................................................................................ 25

# TABLE OF AUTHORITIES

## Cases

*Atlanta Journal & Constitution v. City of Atlanta Department of Aviation,*
 442 F.3d 1283 (11th Cir. 2006).............................................................................. 11

*Brat v. Personhuballah,*
 883 F.3d 475 (4th Cir. 2018)...........................................................17, 20-21, 22-23

*Common Cause/Georgia v. Billups,*
 554 F.3d 1340 (11th Cir. 2009).......................................................................14-15

*Costco Wholesale Corp. v. Hoen,*
 538 F.3d 1128 (9th Cir. 2008) ................................................................................ 18

*Deakins v. Monaghan,*
 484 U.S. 193 (1988)................................................................................................ 13

*Doe v. School Board for Santa Rosa County,*
 No. 3:08-cv-361, 2010 U.S. Dist. LEXIS 149943 (N.D. Fla. Mar. 24, 2010).... 17

*Farrar v. Hobby,*
 506 U.S. 103 (1992)................................................................................................ 18

*Independent Federation of Flight Attendants v. Zipes,*
 491 U.S. 754 (1989)..........................................................................................passim

*Jacobson v. Florida Secretary of State,*
 974 F.3d 1236 (11th Cir. 2020)........................................................................passim

*Kentucky v. Graham,*
 473 U.S. 159 (1985)................................................................................................ 19

*Lackey v. Stinnie,*
 604 U.S. 192 (2025)................................................................................................ 15

*League of Women Voters of Florida, Inc. v. Florida Secretary of State,*
 32 F.4th 1363 (11th Cir. 2022) .............................................................................. 23

*League of Women Voters of Florida Inc. v. Florida Secretary of State,*
    66 F.4th 905 (11th Cir. 2023) ............................................................*passim*

*League of Women Voters of Florida, Inc. v. Florida Secretary of State,*
    716 F. Supp. 3d 1236 (N.D. Fla. 2024) .................................. 5

*Mallory v. Harkness,*
    923 F. Supp. 1546 (S.D. Fla. 1996) ..........................................20, 21, 22

*Miller v. Moore,*
    169 F.3d 1119 (8th Cir. 1999)...........................................17-18

*Planned Parenthood of Central New Jersey v. Attorney General of State of New Jersey,*
    297 F.3d 253 (3d Cir. 2002) ....................................... 20, 21-22

*Sole v. Wyner,*
    551 U.S. 74 (2007)................................................. 13-14, 15

*Stout v. Jefferson County Board of Education,*
    No. 2:65-cv-396, 2019 U.S. Dist. LEXIS 226556 (N.D. Ala. Dec. 23, 2019) ... 18

*Texas State Teachers Ass'n v. Garland Independent School District,*
    489 U.S. 782 (1989).................................................... 18

*Thomas v. Bryant,*
    614 F.3d 1288 (11th Cir. 2010)....................................... 14

*Thomas v. Reeves,*
    961 F.3d 800 (5th Cir. 2020)......................................13, 14

*United States Bancorp Mortgage Co. v. Bonner Mall Partnership,*
    513 U.S. 18 (1994).................................................... 12

*United States v. Munsingwear, Inc.,*
    340 U.S. 36 (1950)..............................................*passim*

**Statutes**

28 U.S.C. § 1291 ......................................................... 3

28 U.S.C. § 1331 ......................................................... 3

42 U.S.C. § 1988 ...................................................................................*passim*

## PRELIMINARY STATEMENT

In this brief, "Doc." citations refer to docketed documents in the district court. They are preceded by the case number for one of the four cases being appealed (unless context makes it clear which case is referenced). The accompanying page numbers are the blue page numbers on the upper-right side of the docketed documents.

## STATEMENT REGARDING ORAL ARGUMENT

The Secretary of State requests oral argument for this appeal.

## INTRODUCTION

Never have so many done so much and achieved so little. In a sprawling challenge to Florida's 2021 election package, four Plaintiffs groups managed to prevail on very little of consequence. Still, the district court held that Plaintiffs are *entitled* to hundreds of thousands of dollars in attorneys' fees, expert fees, and litigation expenses as the "prevailing party" in their challenges to SB90's (1) Registration-Disclaimer Provision and (2) Solicitation Definition. The district court erred on entitlement.

First, the Registration-Disclaimer Provision. The district court's order concerning this provision became moot through post-trial legislation. This Court then vacated the relevant portion of the district court's order under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). *League of Women Voters of Fla. Inc. v. Fla. Sec'y of State*, 66 F.4th 905, 951 (11th Cir. 2023). *Munsingwear* vacatur prevents Plaintiffs from "prevailing" on their challenge to the provision.

Second, the Solicitation Definition. The Secretary intervened to defend it and succeeded in defending half the provision. *League of Women Voters of Fla.*, 66 F.4th at 946. Even for the other half, a stay panel of this Court said that the Secretary's argument had merit. So, if the rule is that "losing intervenors" are on the hook for fees "where the intervenors' action was frivolous, unreasonable, or without foundation," *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989), the district court erred in saying that Plaintiffs are entitled to fees against the Secretary.

Thus, this Court should reverse the orders below on entitlement to fees.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction under 28 U.S.C. § 1331. This Court has jurisdiction under 28 U.S.C. § 1291 to review the district court's orders on entitlement to fees and fee amount in four cases: 4:21-cv-186, 4:21-cv-187, 4:21-cv-201, and 4:21-cv-242. Specifically:

- In case number 4:21-cv-187, the district court entered an order granting Plaintiffs' motion to determine entitlement to fees, Doc.410, on May 23, 2024, and an order granting in part and denying in part Plaintiffs' motion to determine fee amount, Doc.426, and clerk's judgment, Doc.427, on December 20, 2024. The Secretary filed a timely notice of appeal on January 17, 2025. Doc.428. That appeal is case number 25-10184 before this Court.

- In case number 4:21-cv-201, the district court entered an order granting Plaintiffs' motion to determine entitlement to fees, Doc.371, on May 23, 2024, and an order granting in part and denying in part Plaintiffs' motion to determine fee amount, Doc.388, and clerk's judgment, Doc.389, on December 20, 2024. The Secretary filed a timely notice of appeal on January 17, 2025. Doc.390. That appeal is case number 25-10186 before this Court.

- In case number 4:21-cv-186, the district court entered an order granting Plaintiffs' motion to determine entitlement to fees, Doc.784, on May 23, 2024, and an order granting in part and denying in part Plaintiffs' motion to determine fee amount, Doc.807, and clerk's judgment, Doc.808, on February 24, 2025. The Secretary filed a timely notice of appeal on February 25, 2025. Doc.809. That appeal is case number 25-10613 before this Court.

- In case number 4:21-cv-242, the district court entered an order granting Plaintiff's motion to determine entitlement to fees, Doc.327, on May 23, 2024, an order granting in part and denying in part Plaintiff's motion to determine fee amount, Doc.344, and clerk's judgment, Doc.345, on February 5, 2025, and an order taxing costs, Doc.356, and clerk's judgment, Doc.357, on April 3, 2025.

The Secretary filed a timely notice of appeal on April 8, 2025. Doc.358. That appeal is case number 25-11163 before this Court.[1]

The four appeals now before this Court have been consolidated under case number 25-10184.

## STATEMENT OF THE ISSUES

1.      Whether Plaintiffs can recover fees and expenses as a "prevailing party" under 42 U.S.C. § 1988(b) on their challenge to SB90's Registration-Disclaimer Provision when the judgment on that claim was *Munsingwear* vacated.

2.      Whether Plaintiffs can recover fees and expenses as a "prevailing party" under 42 U.S.C. § 1988(b) on their challenge to SB90's Solicitation Definition from the Secretary when the Secretary was an intervening defendant to that claim.

## STATEMENT OF THE CASE

Plaintiffs in these several cases sued to enjoin various state actors from enforcing election laws as amended by Florida's Senate Bill 90. The district court sided with Plaintiffs on several of those challenges and threw Florida into a seldom-used preclearance regime under the Voting Rights Act. This Court stayed the district court's decision. And a merits panel of this Court (1) reversed the judgment that the Drop-Box, Solicitation, and Registration-Delivery Provisions violated the Fourteenth and

_____

1. This Court dismissed appeal number 25-10614 for lack of jurisdiction. Doc.20-1. That appeal sought review of the order granting in part and denying in part Plaintiff's motion to determine fee amount in case number 4:21-cv-242 before the district court entered its order taxing costs. All issues in appeal number 25-10614 are included in appeal number 25-11163.

Fifteenth Amendments and section 2 of the Voting Rights Act; (2) reversed the imposition of a preclearance requirement under section 3(c) of the Voting Rights Act; (3) affirmed the judgment declaring unconstitutionally vague the second phrase in the Solicitation Definition and reversed the judgment invalidating the first phrase in the Solicitation Definition; (4) vacated the judgment finding the Registration-Disclaimer Provision unconstitutional; and (5) remanded to the district court for further proceedings. *League of Women Voters of Fla.*, 66 F.4th at 951. The district court dismissed the remaining challenges on remand. *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 716 F. Supp. 3d 1236 (N.D. Fla. 2024).

All four sets of Plaintiffs then moved for attorneys' fees and costs. The Secretary provides a case-by-case breakdown to untangle the procedural issues:

## A.     Case No. 4:21-cv-187

In case number 4:21-cv-187, NAACP Plaintiffs sought a permanent injunction prohibiting the Secretary and Defendant Supervisors of Elections from enforcing SB90's Solicitation Definition. The district court dismissed the claim against the Secretary for lack of standing on the basis that the Secretary didn't enforce the provision—the Supervisors of Elections did. 4:21-cv-186, Doc.274. The Secretary then moved to intervene to defend the Solicitation Definition, 4:21-cv-186, Doc.337, which the district court granted, 4:21-cv-186, Doc.359. Following trial, the district court granted a permanent injunction prohibiting the Supervisors of Elections from enforcing SB90's Solicitation Definition. Doc.351. The Eleventh Circuit affirmed in part and

reversed in part the district court's judgment. *League of Women Voters of Fla.*, 66 F.4th at 948. The Eleventh Circuit held that "[t]he former" operative phrase of the Solicitation Definition "is constitutionally permissible, but the latter" operative phrase "is unconstitutionally vague." *Id.* at 946.

As mentioned, NAACP Plaintiffs filed a motion to determine entitlement to fees. Doc.401. The Secretary filed a response in opposition, Doc.405, and NAACP Plaintiffs filed a reply, Doc.409. The district court granted the motion to determine entitlement to fees. Doc.410. In so doing, the district court held that the Secretary's status as an intervenor didn't prevent NAACP Plaintiffs from recovering fees under 42 U.S.C. § 1988(b). Doc.410 at 3-8.

NAACP Plaintiffs then filed a motion to determine the amount of attorneys' fees. Doc.416. The Secretary filed a response in opposition. Doc.422. The district court granted in part and denied in part the motion to determine the amount of attorneys' fees. Doc.426. The district court agreed with the Secretary that NAACP Plaintiffs' hours were excessive. Doc.426 at 5-6. The district court also agreed with the Secretary that the amount should be reduced because of NAACP Plaintiffs' limited success in the litigation. Doc.426 at 7-8.

### B.     Case No. 4:21-cv-201

In case number 4:21-cv-201, Florida Rising Together Plaintiffs sought a permanent injunction (1) prohibiting the Secretary and Attorney General from enforcing SB90's Registration-Disclaimer Provision against them and (2) prohibiting

the Secretary and Defendant Supervisors of Elections from enforcing SB90's Solicitation Definition. The district court dismissed the Solicitation Definition claim against the Secretary for lack of standing on the basis that the Secretary didn't enforce the provision. 4:21-cv-186, Doc.274. Here too the Secretary moved to intervene to defend the Solicitation Definition, 4:21-cv-186, Doc.337, which the district court granted, 4:21-cv-186, Doc.359. Following trial, the district court granted a permanent injunction on both challenges. Doc.308. The Eleventh Circuit affirmed in part and reversed in part the district court's judgment as to the Solicitation Definition. *League of Women Voters of Fla.*, 66 F.4th at 948. The Eleventh Circuit vacated the injunction directed at the Registration-Disclaimer Provision as moot because the Florida Legislature repealed the provision during the pendency of the appeal. *Id.* at 951.

Florida Rising Together Plaintiffs filed a motion to determine entitlement to fees. Doc.358. The Secretary filed a response in opposition, Doc.362, and Florida Rising Together Plaintiffs filed a reply, Doc.366. The district court granted the motion to determine entitlement to fees. Doc.371. In so doing, the district court rejected the argument that the repeal of the Registration-Disclaimer Provision prevented Florida Rising Together Plaintiffs from being a "prevailing party" under section 1988. Doc.371 at 3-7. The district court also held that the Secretary's status as an intervenor didn't prevent Florida Rising Together Plaintiffs from recovering fees under section 1988. Doc.371 at 7-12.

Florida Rising Together Plaintiffs then filed a motion to determine the amount of attorneys' fees. Doc.376. The Secretary filed a response in opposition, Doc.381, and Florida Rising Together Plaintiffs filed a reply, Doc.387. The district court granted in part and denied in part the motion to determine the amount of attorneys' fees. Doc.388. The district court agreed with the Secretary that Florida Rising Together Plaintiffs' hours were excessive. Doc.388 at 6. The district court also agreed with the Secretary that the amount should be reduced because of Florida Rising Together Plaintiffs' limited success in the litigation. Doc.388 at 8. And the district court agreed that Florida Rising Together Plaintiffs' requested expenses were unreasonable. Doc.388 at 10.

## C.     Case No. 4:21-cv-186

In case number 4:21-cv-186, League of Women Voters of Florida Plaintiffs sought a permanent injunction (1) prohibiting the Secretary and Attorney General from enforcing SB90's Registration-Disclaimer Provision against them and (2) prohibiting the Secretary and Defendant Supervisors of Elections from enforcing SB90's Solicitation Definition. The district court dismissed the Solicitation Definition claim against the Secretary for lack of standing on the basis that the Secretary didn't enforce the provision. Doc.274. The Secretary moved to intervene to defend the Solicitation Definition, Doc.337, which the district court granted, Doc.359. Following trial, the district court granted a permanent injunction on both challenges. Doc.665. The Eleventh Circuit affirmed in part and reversed in part the district court's judgment as to the Solicitation Definition. *League of Women Voters of Fla.*, 66 F.4th at 948. The

Eleventh Circuit vacated the injunction directed at the Registration-Disclaimer Provision as moot because the Florida Legislature repealed the provision during the pendency of the appeal. *Id.* at 951.

League Plaintiffs filed a motion to determine entitlement to fees. Doc.770. The Secretary filed a response in opposition, Doc.774, and League Plaintiffs filed a reply, Doc.781. The district court granted the motion to determine entitlement to fees. Doc.784. In so doing, the district court rejected the argument that the repeal of the Registration-Disclaimer Provision prevented League Plaintiffs from being a "prevailing party" under section 1988. Doc.784 at 3-7. The district court also held that the Secretary's status as an intervenor didn't prevent League Plaintiffs from recovering fees under section 1988. Doc.784 at 7-12.

League Plaintiffs then filed a motion to determine the amount of attorneys' fees. Doc.791. The Secretary filed a response in opposition, Doc.797, and League Plaintiffs filed a reply, Doc.803. The district court granted in part and denied in part the motion to determine the amount of attorneys' fees. Doc.807. The district court agreed with the Secretary that League Plaintiffs' hours were excessive. Doc.807 at 20-21. The district court also agreed with the Secretary that the amount should be reduced because of League Plaintiffs' limited success in the litigation. Doc.807 at 23. And the district court agreed that League Plaintiffs' requested expenses were unreasonable. Doc.807 at 26.

### D. Case No. 4:21-cv-242

In case number 4:21-cv-242, Plaintiff Harriet Tubman Freedom Fighters sought a permanent injunction prohibiting the Secretary and Attorney General from enforcing SB90's Registration-Disclaimer Provision against it. Following trial, the district court granted the permanent injunction. Doc.262. The Eleventh Circuit vacated the permanent injunction as moot because the Florida Legislature repealed the provision during the pendency of the appeal. *League of Women Voters of Fla.*, 66 F.4th at 951.

Plaintiff filed a motion to determine entitlement to fees. Doc.321. The Secretary filed a response in opposition, Doc.323, and Plaintiff filed a reply, Doc.326. The district court granted the motion to determine entitlement to fees. Doc.327. In so doing, the district court rejected the argument that the repeal of the Registration-Disclaimer Provision prevented Plaintiff from being a "prevailing party" under section 1988. Doc.327 at 2-6.

Plaintiff then filed a motion to determine the amount of attorneys' fees. Doc.332. The Secretary filed a response in opposition, Doc.337, and Plaintiff filed a reply, Doc.341. The district court granted in part and denied in part the motion to determine the amount of attorneys' fees. Doc.344. The district court agreed with the Secretary that Plaintiff's hours were excessive. Doc.344 at 14. Plaintiff also filed a bill of costs and supporting memorandum. Docs.268, 353. The Secretary filed a response in opposition to the bill of costs. Doc.354. The district court granted the request for the filing fee but denied the request for deposition and trial transcript costs. Doc.356.

\*     \*     \*

Though Plaintiffs lost on nearly all their claims, the district court collectively awarded Plaintiffs $781,406.90 for being "prevailing parties." 4:21-cv-186, Doc.808; 4:21-cv-187, Doc.427; 4:21-cv-201, Doc.389; 4:21-cv-242, Docs.345, 357.

## STANDARD OF REVIEW

The Eleventh Circuit "review[s] the district court's award of attorneys' fees and costs for abuse of discretion, revisiting questions of law de novo and reviewing subsidiary findings of fact for clear error." *Atlanta J. & Const. v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1287 (11th Cir. 2006).

## SUMMARY OF THE ARGUMENT

While Plaintiffs obtained initial success on their challenge to SB90's Registration-Disclaimer Provision, their success was undone when the Eleventh Circuit vacated the relevant portion of the district court's decision under *Munsingwear*. Plaintiffs aren't (or at least shouldn't be) a "prevailing party" under 42 U.S.C. § 1988(b) for an order vacated by this Court.

As to SB90's Solicitation Definition, the Secretary was an intervenor. The Supreme Court has held that intervenors can *only* be liable for fees under 42 U.S.C. § 1988(b) when their action was "frivolous, unreasonable, or without foundation." *Zipes*, 491 U.S. at 761. That wasn't the case here. Plaintiffs can't recover fees as a "prevailing party" from the Secretary because the Secretary wasn't liable for the alleged harm. The Secretary didn't violate anyone's civil rights even though the Secretary sought

to defend state law. That's consistent with this Court's decision in *Jacobson v. Florida Secretary of State*, 974 F.3d 1236 (11th Cir. 2020). In holding for Plaintiffs, however, the district court relied on authority that either doesn't support the district court's conclusion or added distinctions not found in *Zipes*.

## **ARGUMENT**

I.  **The district court erred in holding that Plaintiffs are entitled to fees and expenses for their Registration-Disclaimer Provision challenge despite this Court's *Munsingwear* vacatur.**

**A.** As this Court previously explained, "[t]he district court ruled that the registration-disclaimer provision violated the First Amendment by compelling speech and granted a permanent injunction against its enforcement. Soon after an appeal was filed, the Florida Legislature repealed the registration-disclaimer provision." *League of Women Voters of Fla.*, 66 F.4th at 948-49. On appeal to this Court, "[t]he parties agree[d] that any appeal of the district court's judgment as to the constitutionality of the registration-disclaimer provision is now moot. But they disagree[d] regarding whether the judgment should be vacated." *Id.* at 949. This Court concluded that *Munsingwear* vacatur of the district court's judgment on this claim was needed: "Because the repeal of the registration-disclaimer provision is 'unattributable to any of the parties' to this case, we vacate the judgment of the district court in relevant part." *Id.* at 951 (citation omitted) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994)).

Nonetheless, Plaintiffs assert that they're the "prevailing party" on their challenge to the Registration-Disclaimer Provision, and the district court held that Plaintiffs are entitled to fees on the vacated judgment. They're incorrect.

*Munsingwear* vacatur "eliminates [the] judgment" below. *Munsingwear*, 340 U.S. at 40. "This disposition strips the decision below of its binding effect." *Deakins v. Monaghan*, 484 U.S. 193, 200 (1988). That effect matters because "[p]laintiffs' prevailing-party status is wholly *dependent* on whether they walk out the courthouse doors with an enforceable judgment." *Thomas v. Reeves*, 961 F.3d 800, 829 (5th Cir. 2020) (Oldham, J., concurring). *Munsingwear* vacatur prevents that from happening. It gives a plaintiff only a "transient victory," winning at trial but effectively losing on appeal. *Sole v. Wyner*, 551 U.S. 74, 78 (2007).

**B.** The district court concluded that *Sole* doesn't support the Secretary's position because Plaintiffs achieved "permanent" success on their claim. *E.g.*, 4:21-cv-186, Doc.784 at 5. The district court reasoned that "[t]he fact that Plaintiffs no longer have an active injunction (because the challenged provision no longer exists) doesn't take away from the fact that they achieved a material, enduring legal change." *E.g.*, 4:21-cv-186, Doc.784 at 5-6.

To be sure, *Sole* did have a slightly different posture. It concerned a plaintiff who prevailed on a preliminary injunction but then lost at trial. 551 U.S. at 77-78. The Supreme Court held that "[p]revailing party status" "does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final

decision in the same case." *Id.* at 83. "A plaintiff who achieves a transient victory at the threshold of an action can gain no award under that fee-shifting provision if, at the end of the litigation," the "initial success is undone" and the plaintiff "leaves the courthouse emptyhanded." *Id.* at 78.

*Sole*'s reasoning supports the conclusion that a plaintiff isn't a "prevailing party" when their victory in the trial court is undone by *Munsingwear* vacatur on appeal. In that situation, as Judge Oldham explained:

> Plaintiffs in this case "prevailed" no more than the plaintiff in *Sole*. Plaintiffs in both cases enjoyed the benefit of the district courts' decisions for a time. But, just as a loss at the end of a case terminates the benefit of temporary injunctive relief, so too does a [*Munsingwear*] vacatur take away whatever benefits were held by the winning party in the district court. Plaintiffs in both cases had only a "transient victory." Plaintiffs in both cases had that "transient victory" stripped of its legal effect. And plaintiffs in neither case can demand prevailing party fees.

*Thomas*, 961 F.3d at 828 (Oldham, J., concurring) (citations omitted). So too here. Plaintiffs' victory on the Registration-Disclaimer Provision was transient because it was ultimately vacated under *Munsingwear*. Plaintiffs are not "prevailing parties."

In holding that Plaintiffs are entitled to fees, the district court relied on *Thomas v. Bryant*, 614 F.3d 1288 (11th Cir. 2010), and *Common Cause/Georgia v. Billups*, 554 F.3d 1340 (11th Cir. 2009). *See, e.g.*, 4:21-cv-186, Doc.784 at 4-5. *Bryant* didn't address *Sole* or *Munsingwear* vacatur. It's fees analysis consisted of only two paragraphs in the opinion's introductory section. 614 F.3d at 1294-95. And in *Common Cause/Georgia*, "the preliminary injunction against the earlier statute was *not* 'reversed, dissolved, or

otherwise undone' by any judicial decision." 554 F.3d at 1356 (emphasis added). Here, Plaintiffs' district court victory was vacated by the Eleventh Circuit because of *Munsingwear*—vacatur "eliminate[d]" the district court "judgment." *Munsingwear*, 340 U.S. at 40. *Sole*'s fundamental point thus remains intact: transient victories don't count.

**C.** In *Lackey v. Stinnie*, 604 U.S. 192 (2025), a decision from earlier this year, the Supreme Court reemphasized that a plaintiff is only a "prevailing party" when their legal success is lasting. *Lackey* involved a preliminary injunction rather than a permanent injunction. *Id.* at 196-97. But, just like this case, the legislature in *Lackey* repealed the challenged statute before the next stage of litigation, mooting the controversy. *Id.* at 197. Holding that the plaintiffs weren't "prevailing parties" just because they obtained a preliminary injunction, the Court explained that "prevailing parties" must receive "judicially sanctioned" and "enduring" relief on a claim. *Id.* at 203. "A plaintiff who wins a transient victory on a preliminary injunction does not become a 'prevailing party' simply because external events convert the transient victory into a lasting one." *Id.* "Rather, a plaintiff 'prevails' under the statute when a court conclusively resolves a claim by granting enduring judicial relief on the merits that materially alters the legal relationship between the parties." *Id.* at 203-04.

**D.** Finally, to any extent that the district court drew a connection between Plaintiffs' challenge and the legislature's repeal to find that Plaintiffs caused an enduring legal change, such reasoning has been rejected by the Eleventh Circuit. "Supreme Court precedent, the weight of authority in our sister circuits, and separation-of-powers

principles all support attributing the passage of legislation only to the officials with the constitutional authority to participate in the legislative process in Florida: members of the Legislature and the Governor." *League of Women Voters of Fla.*, 66 F.4th at 949 (discussing cases). "We must presume that state legislators carry out their duties according to their own judgment." *Id.* at 951. In this case, the Eleventh Circuit recognized that "the repeal of the registration-disclaimer provision" was "unattributable to any of the parties." *Id.*

All told, Plaintiffs' transient victory in their challenge to the Registration-Disclaimer Provision doesn't make them a "prevailing party." The district court thus erred in concluding that they were entitled to fees and costs in their challenge to the Registration-Disclaimer Provision.

## II. The district court erred in holding that Plaintiffs are entitled to fees and expenses for their Solicitation Definition challenge from the Secretary as an intervening defendant.

**A.** Plaintiffs also contend that they're the "prevailing party" in their challenge to the Solicitation Definition, and the district court held in their favor. But the Secretary's status as an intervenor in defending that provision prevents Plaintiffs from obtaining fees and costs against him.

True, the Secretary was initially the named defendant for the Solicitation Definition claim. But the district court dismissed that claim against the Secretary for lack of standing on the basis that the Secretary didn't enforce the provision—the Secretary wasn't the one responsible for causing any alleged harm to Plaintiffs. 4:21-cv-

186, Doc.274 at 25. Specifically, the district court's order explained that "Plaintiffs' assertion that their injuries are traceable to Defendant Lee because she can adopt uniform standards to interpret and implement Florida's election laws does not change the outcome and, again, runs contrary to binding Eleventh Circuit authority." 4:21-cv-186, Doc.274 at 25 (citing *Jacobson*, 974 F.3d at 1253). "Here, like in *Jacobson*, 'Florida law expressly gives a different, independent official control over' the way in which the 'line warming ban' is enforced—namely, the Defendant Supervisors of Elections." 4:21-cv-186, Doc.274 at 25 (quoting *Jacobson*, 974 F.3d at 1254).

The Secretary then moved to intervene to defend the Solicitation Definition. 4:21-cv-186, Doc.337. The district court granted intervention. 4:21-cv-186, Doc.359.

The Secretary's intervenor status is critical for the fees analysis. In *Independent Federation of Flight Attendants v. Zipes*, the Supreme Court held that "district courts should similarly award Title VII attorney's fees against losing intervenors only where the intervenors' action was frivolous, unreasonable, or without foundation." 491 U.S. at 761. *Zipes* concerned fees under Title VII, but the Court stated that "[t]he language of § 706(k)" in Title VII "is substantially the same as" "42 U.S.C. § 1988." *Id.* at 758 n.2.

As the Supreme Court said: "We have stated in the past that fee-shifting statutes' similar language is a strong indication that they are to be interpreted alike." *Id.* (quotation omitted). And courts have applied *Zipes* in section 1988 cases. *See, e.g.*, *Doe v. Sch. Bd. for Santa Rosa Cnty.*, No. 3:08-cv-361, 2010 U.S. Dist. LEXIS 149943, at *4 (N.D. Fla. Mar. 24, 2010); *Brat v. Personhuballah*, 883 F.3d 475, 481 (4th Cir. 2018); *Miller v.*

*Moore*, 169 F.3d 1119, 1126 (8th Cir. 1999); *Costco Wholesale Corp. v. Hoen*, 538 F.3d 1128, 1133 (9th Cir. 2008); *Stout v. Jefferson Cnty. Bd. of Educ.*, No. 2:65-cv-396, 2019 U.S. Dist. LEXIS 226556, at *53 n.24 (N.D. Ala. Dec. 23, 2019).

*Zipes* makes intuitive sense—a party that hasn't violated a plaintiff's civil rights shouldn't be liable for fees. "[I]n contrast to" defendants "who are held presumptively liable for attorney's fees, losing intervenors" "have not been found to have violated anyone's civil rights." 491 U.S. at 762. A party who causes harm should be held liable for fees, but "blameless" intervenors shouldn't be. *Id.* at 761.

The Secretary is not responsible for causing harm to Plaintiffs through a statute that the state's Supervisors of Elections enforce. And, as an intervenor, the Secretary's defense of the Solicitation Definition wasn't frivolous, unreasonable, or without foundation. After all, this Court agreed with half of his arguments. *See League of Women Voters of Fla.*, 66 F.4th at 948. So the Secretary shouldn't be liable for fees and expenses incurred in Plaintiffs' challenge to the Solicitation Definition.

**B.** There's another way to make the same point. Note that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989). Therefore, "it is clear

that the logical place to look for recovery of fees is to the losing party—the party legally responsible for relief on the merits." *Zipes*, 491 U.S. at 763 (omission in original) (quoting *Kentucky v. Graham*, 473 U.S. 159, 164 (1985)).

The Secretary doesn't (and didn't) enforce the Solicitation Definition and therefore couldn't have violated Plaintiffs' civil rights. This Court recognized the Secretary's non-participation in the enforcement of such laws in *Jacobson v. Florida Secretary of State*, 974 F.3d 1236. There, this Court held that the plaintiffs lacked standing to sue the Secretary in a challenge to another election law. *Id.* at 1241. This was because "any injury" the plaintiffs "might suffer is neither fairly traceable to the Secretary nor redressable by a judgment against her because she does not enforce the challenged law." *Id.* "Instead, the Supervisors—county officials independent of the Secretary—are responsible for placing candidates on the ballot in the order the law prescribes." *Id.*

This Court explained that "the Secretary's position as 'the chief election officer of the state,' with 'general supervision and administration of the election laws,' does not make the order in which candidates appear on the ballot traceable to her." *Id.* at 1254 (citations omitted). "Instead, any injury would be traceable only to 67 Supervisors of Elections and redressable only by relief against them." *Id.* at 1253. In short, Plaintiffs here sought fees and expenses from the wrong party.

**C.** Yet the district court concluded that "a state actor that intervenes in place of another state actor is sufficiently connected to the underlying constitutional violation for section 1988 fee liability to attach because, at the end of the day, the state itself is

the culpable party." *E.g.*, 4:21-cv-186, Doc.784 at 9. As authority, the district court relied on *Mallory v. Harkness*, 923 F. Supp. 1546 (S.D. Fla. 1996), *aff'd without opinion*, 109 F.3d 771 (11th Cir. 1997); *Planned Parenthood of Central New Jersey v. Attorney General of State of New Jersey*, 297 F.3d 253 (3d Cir. 2002); and *Brat*, 883 F.3d 475. *See, e.g.*, 4:21-cv-186, Doc.784 at 7-9. The district court found that the Secretary could be liable for fees because "the Secretary is the representative of the State of Florida, which is the culpable party in this case because it 'enacted, enforced, and defended the unconstitutional statute,' leading to the violation of Plaintiffs' civil rights." *E.g.*, 4:21-cv-186, Doc.784 at 10 (quoting *Mallory*, 923 F. Supp. at 1553).

First, the district court's conclusion runs into *Jacobson*. As was the case in *Jacobson*, the harm that Plaintiffs alleged under the Solicitation Definition "is neither fairly traceable to the Secretary nor redressable by a judgment against" him because the Secretary "does not enforce the challenged law." 974 F.3d at 1241. "Because the Supervisors are independent officials not subject to the Secretary's control, their actions to implement the [challenged] statute may not be imputed to the Secretary for purposes of establishing traceability." *Id.* at 1253-54. That's why the Secretary wasn't the named defendant for this claim.

Considering *Jacobson*, the district court's decision "lacks any support from *Zipes*, which did not focus on who *was defending* a law, but rather on who *was liable* under the law—*i.e.*, 'legally responsible for relief on the merits.'" *Brat*, 883 F.3d at 483 (quoting

*Zipes*, 491 U.S. at 763). The district court itself recognized that its decision might conflict with *Jacobson*. *See, e.g.*, 4:21-cv-186, Doc.784 at 11 n.5.

Second, the authorities that the district court relied on either fail to support its conclusion or incorrectly applied *Zipes*.

Start with *Mallory v. Harkness*. Under the *Mallory* court's reading of *Zipes*, an intervening defendant can be liable for fees and expenses when they "entered the case early in the proceedings" and "vigorously defended the constitutionality of the statute throughout the entire proceeding." 923 F. Supp. at 1553. The *Mallory* court also made a distinction between state and non-state intervenors: "the AG, acting as a representative of the state, cannot be 'innocent' in terms of violating the Plaintiff's civil rights. The state enacted, enforced, and defended the unconstitutional statute." *Id.*

But none of this matters under *Zipes*. Timing wasn't dispositive in *Zipes*. *Zipes* took no position on a state actor intervenor's defense of a challenged law. As for an intervenor's vigorous defense against a legal challenge, *Zipes* stated "that an intervenor can advance the same argument as a defendant does not mean that the two must be treated alike for purposes of fee assessments." 491 U.S. at 765. "It would hardly serve the congressional policy in favor of 'vigorous' adversary proceedings, to require intervenors to disguise or avoid their strongest arguments in order to escape liability for attorney's fees." *Id.* at 766 (citation omitted).

*Planned Parenthood of Central New Jersey* addressed the situation when "a legislature steps out of its role and intervenes to defend" a law "which the executive branch is not

willing to defend." 297 F.3d at 257-58. The court looked to whether the intervenor "becomes the functional equivalent of a defendant in the case." *Id.* at 258. The court relied on the fact that "the state executive branch officials named as defendants in their official capacities refuse[d] to perform that function" and that without the legislature intervening "there would be no case." *Id.* at 264. Not so here. The Supervisors of Elections, the properly named defendants and the source of any harm, remained defendants the whole time.

*Brat v. Personhuballah* explained that its case was "materially distinguishable" from *Mallory* and *Planned Parenthood of Central New Jersey* "because the intervening defendants in those cases were, as state actors, defending the challenged statute on behalf of the State." 883 F.3d at 483. "[I]n both cases, the intervening party was a representative of the State responsible for enacting or enforcing the challenged statute, not an independent third party who could not be charged with liability." *Id.* at 484 (emphasis removed).

While it differentiated the intervenors in its case from state actors, the *Brat* court further explained that the intervenors "were not charged with any responsibility in the enactment of the state law" and "the relief that the plaintiffs sought could not have been obtained from" the intervenors. *Id.* at 481. "It is not the parallel advancement of positions that determines whether the *Zipes* principle applies; it is whether the intervenors are wrongdoers from whom plaintiffs could obtain relief." *Id.* at 483. And the court called it a "curious proposition" to assert that "by defending a practice or a

law, intervenors thereby become wrongdoers responsible for that practice or law." *Id.* at 482. The *Brat* court's reasoning as to when an intervenor is liable for fees supports the Secretary's position. And to the extent *Brat* differentiates state actors, that's a distinction not found in *Zipes*.

In the end, *Zipes*'s "categorical rule" controls. *Id.* at 471. And again, *Zipes* held that "district courts should" award "attorney's fees against losing intervenors only where the intervenors' action was frivolous, unreasonable, or without foundation." 491 U.S. at 761. The Secretary's defense of the Solicitation Definition was none of these. *See League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363, 1374 (11th Cir. 2022) (stay panel finding that the merits of Plaintiffs' challenges to the Solicitation Provision, "at the very least," weren't "entirely clearcut").

## <u>CONCLUSION</u>

For these reasons, the State asks this Court to reverse the district court's orders granting Plaintiffs fees and expenses for the Registration-Disclaimer Provision and Solicitation Definition claims.

Dated: December 10, 2025

Ashley E. Davis
  GENERAL COUNSEL
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building, Suite 100
500 South Bronough Street
Tallahassee, Florida 32399
 (850) 245-6536
ashley.davis@dos.fl.gov

/s/ Mohammad O. Jazil
Mohammad O. Jazil
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, Florida 32301
 (850) 270-5938
mjazil@holtzmanvogel.com
zbennington@holtzmanvogel.com

*Counsel for Defendant-Appellant Florida
Secretary of State*

## CERTIFICATE OF COMPLIANCE

This brief complies with Rule 32(a)(7)(B)(i) because it contains 5,547 words, excluding the parts that can be excluded. This brief also complies with Rule 32(a)(5)-(6) because it has been prepared in a proportionally spaced face using Microsoft Word 2016 in 14-point Garamond font.

Dated: December 10, 2025        /s/ Mohammad O. Jazil
                                              Mohammad O. Jazil

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing certificate was filed on ECF.

Dated: December 10, 2025        /s/ Mohammad O. Jazil
                                              Mohammad O. Jazil