No. 25-11163 (consolidated with 25-10184, 25-10186, and 25-10613)

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

### HARRIET TUBMAN FREEDOM FIGHTERS, CORP.,

*Plaintiff-Appellee,*

**v.**

### FLORIDA SECRETARY OF STATE,

*Defendant-Appellant.*

Appeal from the United States District Court for the Northern District of Florida
No. 4:21-cv-242-MW-MAF
The Honorable Mark E. Walker, Judge Presiding

### APPELLEE HARRIET TUBMAN FREEDOM FIGHTERS, CORP.'S
### ANSWER BRIEF

Matletha Bennette
SOUTHERN POVERTY LAW CENTER
P.O. Box 10788
Tallahassee, FL 32302-2788
Tel: 850-408-4840
matletha.bennette@splcenter.org

Avner Shapiro*
SOUTHERN POVERTY LAW CENTER
1101 17th St. NW, Ste. 550
Washington, DC 20036
Tel: 470-989-5426
avner.shapiro@splcenter.org

Michelle E. Kanter Cohen
FAIR ELECTIONS CENTER
1825 K Street NW, Ste. 701
Washington, DC 20006
Tel: 202-331-0114
mkantercohen@fairelectionscenter.org

Angela C. Vigil*
BAKER & MCKENZIE LLP
830 Brickell Plaza, Ste. 3100
Miami, FL 33131
Tel: 305-789-8900
angela.vigil@bakermckenzie.com

*(cover page continued)*

William Devaney**
BAKER & MCKENZIE LLP
452 Fifth Avenue
New York, NY 10018
Tel: 212-626-4100
william.devaney@bakermckenzie.com

*\* Appearance forthcoming*
*\*\*Motion for admission pro hac vice forthcoming*
*Counsel for Harriet Tubman Freedom Fighters Corp.*

## STATEMENT REGARDING ORAL ARGUMENT

Appellee Harriet Tubman Freedom Fighters does not request oral argument because binding Eleventh Circuit authority resolves the sole issue presented in this appeal. Appellee otherwise does not oppose Appellant's request for oral argument. Given the importance of the issue addressed in this brief, however, Appellee would welcome the opportunity to present oral argument if this Court would find it helpful.

# TABLE OF CONTENTS

Statement Regarding Oral Argument ........................................................... i

Table of Contents ........................................................................... ii-iii

Table of Authorities ....................................................................... iv-vii

Jurisdictional Statement ...................................................................... 1

Statement of the Issues....................................................................... 2

Statement of the Case........................................................................ 3

    I.    Introduction ........................................................................ 3

    II.    Procedural history................................................................ 5

Standard of Review........................................................................... 9

Summary of Argument........................................................................ 9

Argument.................................................................................... 11

    I.    The district court correctly ruled that HTFF is a prevailing party entitled to fees................................................................. 11

    II.    The district court correctly ruled that HTFF is still a prevailing party, notwithstanding the judgment's vacatur for mootness after the entry of final judgment on the merits............................................... 14

        A.    Under controlling Eleventh Circuit law, post-judgment vacatur does not extinguish HTFF's prevailing party status. ................ 15

        B.    Appellant wrongly conflates vacatur for mootness with reversal on the merits........................................................... 21

        C.    *Sole* and *Lackey* support HTFF's argument that its permanent injunction is "material, enduring" relief sufficient to establish its prevailing party status. ............................................ 26

Conclusion ................................................................................................30

Certificate of Compliance ...........................................................................32

Certificate of Service .................................................................................32

# TABLE OF AUTHORITIES

## Cases

*Atlanta J. & Const. v. Atlanta Dep't of Aviation*,
    442 F.3d 1283 (11th Cir. 2006) ...................................................9

*Beach Blitz Co. v. City of Miami Beach*,
    13 F.4th 1289 (11th Cir. 2021) .....................................................9

\* *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Hum. Ress.*,
    532 U.S. 598 (2001).................................................... 12-13, 17, 20

*Common Cause Ga. v. Georgia*,
    17 F.4th 102 (11th Cir. 2021) ....................................................12

*Common Cause/Georgia v. Billups*,
    554 F.3d 1340 (11th Cir. 2009) ................................................... 9

*Diffenderfer v. Gomez-Colon*,
    587 F.3d 445 (1st Cir. 2009)........................................ 16, 19, 22-24

*Disability Rts. N.M. v. Lucero*,
    No. 22-cv-954-WJ-JFR, 2025 WL 623493 (D.N.M. Feb. 25, 2025)............30

\* *Farrar v. Hobby*,
    506 U.S. 103 (1992)........................................................ 11-12, 17

*Fox v. Vice*,
    563 U.S. 826 (2011)..................................................................12

*Gaylor v. N. Springs Assocs., LLLP*,
    648 F. App'x 807 (11th Cir. 2016)..............................................15

*Grabarczyk v. Stein*,
    32 F.4th 301 (4th Cir. 2022) ................................................ 19-20

*Grano v. Barry*,
    783 F.2d 1104 (D.C. Cir. 1986)............................................. 20-21

*Green Party of Tenn. v. Hargett*,
    767 F.3d 533 (6th Cir. 2014) ...........................................................14, 20, 22

*Jacksonville Prop. Rts. Ass'n v. City of Jacksonville*,
    635 F.3d 1266 (11th Cir. 2011) ....................................................................15

*\* Jefferson Cnty. Bd. of Educ. v. Bryan M.*,
    706 F. App'x 510 (11th Cir. 2017)............................................... 11-12, 15-17

*Kan. Jud. Watch v. Stout*,
    653 F.3d 1230 (10th Cir. 2011) ....................................................................22

*Kirk v. N.Y. State Dep't of Educ.*,
    644 F.3d 134 (2d Cir. 2011) ............................................................... 19, 28-29

*Lackey v. Stinnie*,
    604 U.S. 192 (2025)......................................................................... 11, 26-30

*League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*,
    32 F.4th 1363 (11th Cir. 2022) .................................................................4, 24

*League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*,
    66 F.4th 905 (11th Cir. 2023) .........................................................................7

*Libertarian Party of Ark. v. Martin*,
    876 F.3d 948 (8th Cir. 2017) ........................................................................20

*McQueary v. Conway*,
    614 F.3d 591 (6th Cir. 2010) ........................................................................14

*Meyers v. CBS Corp.*,
    No. 15-30528, 2015 WL 13504685 (5th Cir. Oct. 28, 2015).......................20

*Migliori v. Lehigh Cnty. Bd. of Elects.*,
    668 F. Supp. 3d 337 (E.D. Pa. 2023)...................................................... 21-22

*Nat'l Rifle Ass'n of Am. v. City of Chicago*,
    646 F.3d 992 (7th Cir. 2011) ....................................................................... 20

*Planned Parenthood Sw. Ohio Region v. DeWine*,
    931 F.3d 530 (6th Cir. 2019) ...........................................................................22

*Royal Palm Props., LLC v. Pink Palm Props., LLC*,
    38 F.4th 1372 (11th Cir. 2022) ................................................................ 12-13

*Sole v. Wyner*,
    551 U.S. 74 (2007) ...............................................................17-18, 22, 25-30

\* *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*,
    489 U.S. 782 (1989) .................................................................................. 12-14

\* *Thomas v. Bryant*,
    614 F.3d 1288 (11th Cir. 2010) ....................................................... 15-19, 21

*Thomas v. Reeves*,
    961 F.3d 800 (5th Cir. 2020) ................................................................. 24-26

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*,
    513 U.S. 18 (1994)..........................................................................................19

*United States v. Munsingwear, Inc.*,
    340 U.S. 36 (1950)................................................2, 4, 7, 15, 17-19, 21, 24-25

**Statutes**

20 U.S.C. § 1415 ...........................................................................................17

28 U.S.C. § 1291 .............................................................................................1

28 U.S.C. § 1331 .............................................................................................1

28 U.S.C. § 1343 .............................................................................................1

42 U.S.C. § 1983 .............................................................................................5

42 U.S.C. § 1988.................................................. 2, 10-11, 15-16, 19-20, 24-25, 29

Fla. Stat. § 97.0575(3)(a) (2021) ...............................................................3

Fla. Stat. § 104.0616 ...................................................................................4

**Rules**

Fed. R. App. P. 3(a)(1) ..............................................................................8

Fed. R. App. P. 4(a)(1)(B) .........................................................................8

Fed. R. App. P. 26(a)(1)(A)–(C)................................................................8

**Other Authorities**

Order, *Thomas v. Reeves*, No. 3:18-CV-441-CWR-FKB (S.D. Miss. Feb. 11, 2021), ECF No. 118..................................................................25

S. Amend. 203418 to SB 524, Reg. Sess. (Fla. 2022), *available at* https://www.flsenate.gov/Session/Bill/2022/524/Amendment/203418/PDF ....................6

Satisfaction of Order, *Thomas v. Reeves*, No. 3:18-CV-441-CWR-FKB (S.D. Miss. July 14, 2021), ECF No. 123 .......................................................25

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over Plaintiff-Appellee's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343 because this case arises under the laws of the United States including the Constitution. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291. See Appellant Br. at 3–4.

## STATEMENT OF THE ISSUES

1.    Whether the district court correctly held that Plaintiff-Appellee Harriet Tubman Freedom Fighters is a prevailing party under 42 U.S.C. § 1988 where Plaintiff-Appellee obtained final, post-trial relief on the merits permanently enjoining SB 90's Registration Disclaimer Provision, even though the judgment was later vacated under *Munsingwear* after the Florida legislature repealed the challenged provision.

## STATEMENT OF THE CASE

### I.    Introduction

This appeal arises from Appellee Harriet Tubman Freedom Fighters ("HTFF" or "Appellee")'s successful suit to enjoin various state actors from enforcing a provision of Senate Bill 90 ("SB 90"), an election statute enacted by the Florida Legislature in 2021. HTFF challenged only the mandatory registration disclaimer in its suit and won a final judgment in its favor against that provision after a bench trial.

On May 6, 2021, Florida Governor Ron DeSantis signed SB 90 into law, which, among other things, amended Florida law regulating third-party voter registration organizations ("3PVROs"). As relevant to Appellee, SB 90 (2021) added to Florida Statutes § 97.0575(3)(a) (2021) the following requirement (the "Disclaimer Provision"):

> A third-party voter registration organization must notify the applicant at the time the application is collected that the organization might not deliver the application to the division or the supervisor of elections in the county in which the applicant resides in less than 14 days or before registration closes for the next ensuing election and must advise the applicant that he or she may deliver the application in person or by mail. The third-party voter registration organization must also inform the applicant how to register online with the division and how to determine whether the application has been delivered.

Fla. Stat. § 97.0575(3)(a) (as amended by SB 90). HTFF, a 3PVRO that conducts voter registration and education, sued to enjoin various state actors from enforcing

3

the Disclaimer Provision on constitutional grounds. *See* Doc.1, Doc.262 at 200–01.[1]

While plaintiffs in other consolidated cases challenged multiple provisions of SB 90, HTFF solely challenged the Disclaimer Provision.

Following a consolidated bench trial, HTFF won a permanent injunction on its First Amendment challenge arguing that the Disclaimer Provision constituted unconstitutional compelled speech. *See* Doc.262 at 200, 287. Following the judgment, but prior to any briefing on appeal, the Florida Legislature repealed the enjoined provision, mooting the appeal on the merits. Doc.327 at 2; *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363, 1372 n.9 (11th Cir. 2022). Approximately one year later, this Court vacated the trial judgment under *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40 (1950). Appellant now seeks to divest Appellee of its attorneys' fees and costs awarded after a post-trial final judgment, which granted Appellee its requested relief and invalidated the only statutory provision it challenged.

---

[1] Unless otherwise prefaced, "Doc." references refer to the district court proceedings in *Harriet Tubman Freedom Fighters v. Lee*, 4:21-cv-242-MAW. HTFF filed an amended complaint on July 15, 2021 (Doc.44) that added a claim brought by Paralyzed Veterans of America's Florida and Central Florida chapters and an individual voter ("PVA Plaintiffs") against various supervisors of elections and the Attorney General, asserting that Section 208 of the Voting Rights Act preempted Fla. Stat. § 104.0616, which restricted who could assist voters with disabilities in receiving and returning a mail ballot (Count IV). The amended complaint maintained HTFF's original claims and did not bring any new claims on behalf of HTFF. *See generally* Doc.44. In its October 8, 2021 order, the district court dismissed Count IV of the amended complaint, dismissing the PVA Plaintiffs. Doc.190 at 26.

## II.    Procedural History

On June 14, 2021, Appellee HTFF filed a complaint against the Secretary of State and Attorney General pursuant to 42 U.S.C. § 1983, asking the district court to enjoin the Disclaimer Provision as unconstitutional. Doc.1. HTFF sought a declaratory judgment and permanent injunction against the Disclaimer Provision, alleging it was unconstitutionally vague in violation of the Due Process Clause; constituted compelled speech in violation of the First Amendment's guarantee of free expression; and violated its First Amendment right of free association. *See id.* at 29–41, ¶¶ 82–118. HTFF asked the district court to award its statutory attorneys' costs and fees, among other relief. *Id.* at 41.

The case was consolidated for discovery with three other actions challenging provisions of SB 90: *League of Women Voters of Fla. v. Lee*, 4:21-cv-186-MAW; *Fla. State Conf. of the NAACP v. Lee*, 4:21-cv-187-MAW; and *Fla. Rising Together v. Lee*, 4:21-cv-201-MAW. [2] Doc.8. HTFF engaged in discovery, including preparation for and participation in depositions of election officials, and expert discovery pertinent to their claims against the Disclaimer Provision. In addition, HTFF counsel responded to written discovery and document production requests, and prepared for and defended two separate depositions of its client representative.

---

[2] For brevity, citations to the separate non-HTFF district court pleadings will be prefaced only by case number going forward.

After denying cross-motions for summary judgment (Doc.245), the district court held a two-and-a-half-week consolidated bench trial in late January and early February 2022.

On March 2, 2022, following the trial and post-trial briefs, the Florida Legislature passed a narrow amendment to SB 524 (2022). S. Amend. 203418 to SB 524, Reg. Sess. (Fla. 2022), *available at* https://www.flsenate.gov/Session/Bill/2022/524/Amendment/203418/PDF. As a result of the amendment, the Disclaimer Provision in SB 90 would be fully repealed by SB 524.[3]

Before issuing its opinion, the district court requested supplemental briefing regarding SB 524's effect on the proceedings. 4:21-cv-186, Doc.471. Defendants stated that the challenges to the Registration Disclaimer were not moot until such time "when Senate Bill 524 becomes law." *See* 4:21-cv-186, Doc.662 at 8.

On March 31, 2022, the district court issued an opinion and judgment in favor of HTFF, finding that HTFF had standing to challenge the Disclaimer Provision, and holding that this provision constituted compelled speech in violation of the First Amendment. Doc.262 at 200–02, 287. It issued a permanent injunction prohibiting its enforcement, thereby granting HTFF the complete substantive relief it had sought

---

[3] Moreover, this amendment added text to the Florida state voter registration form, consistent with HTFF's post-trial argument that the Disclaimer Provision was not narrowly tailored because the state could accomplish its asserted interest by revising this form. No. 4:21-cv-186, Doc.650 at 68.

in the litigation. *Id.* at 287. Having found the challenged provision unconstitutional and having enjoined it on this ground, the district court declined to rule on HTFF's remaining claims. *See id.* at 218 n.65. SB 524 still had not been presented to the governor or signed.

Defendants filed a notice of appeal as to the final judgment. Doc.264. The district court deferred any rulings on costs and entitlement to attorneys' fees until the appeal was resolved. Doc.274.

On April 25, 2022, SB 524 was finally presented to Governor DeSantis and signed, repealing the enjoined Disclaimer Provision. The parties agreed that any appeal of the judgment regarding the constitutionality of the Disclaimer Provision was moot, and Defendants sought vacatur of the judgment as moot under *Munsingwear. League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 66 F.4th 905, 919 (11th Cir. 2023). On April 27, 2023, a panel of this Court vacated the judgment against the now-repealed provision, *id.* at 948–51, and remanded for resolution of remaining claims in case Nos. 4:21-cv-186, 4:21-cv-187, and 4:21-cv-201. All motions, briefing, and deadlines related to attorneys' fees and costs were deferred until after the district court entered final judgment in all four consolidated cases. Doc.316.

On February 8, 2024, the district court entered a final order on remand in the consolidated cases, No. 4:21-cv-186, Doc.767. Following briefing as to entitlement

to fees, *see* Doc.268, 270, on May 23, 2024, the district court recognized Harriet Tubman Freedom Fighters as the prevailing party in this action and ruled it was entitled to an award of its reasonable attorneys' fees and costs. Doc.327. Following full briefing as to the amount of fees to which HTFF was entitled, the district court awarded HTFF $232,412.78 in attorneys' fees. Doc.344. On April 3, 2025, the district court entered an order granting HTFF certain costs. Doc.356.

On April 8, 2025, pursuant to Fed. R. App. P. 3(a)(1), 4(a)(1)(B), and 26(a)(1)(A)–(C), Defendant-Appellant the Florida Secretary of State ("Appellant" or the "Secretary") timely filed his appeal of the following final orders of the district court (Doc.358): May 23, 2024 Order granting Plaintiff's motion to determine entitlement to fees (Doc.327); February 5, 2025 Order granting in part and denying in part Plaintiff's motion to determine fee amount (Doc.344); February 5, 2025 Clerk's Judgment (Doc.345); April 3, 2025 Order taxing costs (Doc.356); and April 3, 2025 Clerk's Judgment (Doc.357).

This Court consolidated this appeal with the appeals of the fee orders in the three other cases challenging provisions of SB 90 with which this case was consolidated for trial. Those cases are:

- *Disability Rights Fla., et al. v. Fla. Sec'y of State*, No. 25-10184
- *Fla. Rising Together, et al. v. Fla. Sec'y of State*, No. 25-10186; and
- *League of Women Voters of Fla., et al. v. Fla. Sec'y of State*, No. 25-10613.

Appellant the Florida Secretary of State timely appealed the fee orders in each case.[4] As pertinent to Appellee HTFF, Appellant only raises the issue of whether Appellee HTFF is the prevailing party in its challenge to the Disclaimer Provision.

## STANDARD OF REVIEW

This Court "review[s] the district court's award of attorneys' fees and costs for abuse of discretion, revisiting questions of law *de novo* and reviewing subsidiary findings of fact for clear error." *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1349 (11th Cir. 2009) (citing *Atlanta J. & Const. v. Atlanta Dep't of Aviation*, 442 F.3d 1283, 1287 (11th Cir. 2006). Whether the facts suffice to render a party "a prevailing party" is a legal question. *Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1297 (11th Cir. 2021).

## SUMMARY OF ARGUMENT

Appellant seeks to strip Appellee of its attorneys' fees and costs awarded after a post-trial final judgment, which included an injunction against the only statutory provision Appellee challenged.

First, Appellant misinterprets the standard for determining who is a prevailing party. Second, the Secretary refuses to engage with the procedural history in the instant matter and instead relies on inapposite cases regarding preliminary relief.

---

[4] Although the Attorney General was found liable for fees, the Attorney General did not notice an appeal of the district court's fee order.

Third and most importantly, the Secretary minimizes the relief HTFF won: final judgment after a trial on the merits permanently enjoining the only provision it challenged.

The court ruled on the merits of HTFF's compelled speech claim after trial and found that the Disclaimer Provision constituted compelled speech in violation of the First Amendment. It further issued a permanent injunction against the provision's enforcement, consistent with HTFF's complete, requested relief. As Appellant then acknowledged, the controversy did not become moot until SB 524 was signed into law. HTFF's entitlement to fees under 42 U.S.C § 1988 should thus be uncontroversial.

Although the judgment in HTFF's favor was vacated as moot on appeal due to the intervening action of the legislature, HTFF remains entitled to attorneys' fees because vacatur for mootness occurring after a judgment on the merits does not negate a plaintiff's prevailing party status. As soon as the injunction was entered, HTFF and other community voter registration organizations in Florida were no longer compelled to deliver to potential voters a government message contrary to their own organizational messages and goals, whether or not the legislature had repealed it.

Failure to award fees under these circumstances would create a rule under which plaintiffs who prevail on the merits after trial still lose their statutorily

authorized fee recovery due to post-judgment legislative action. This would incentivize legislators to pass illegal statutes, knowing that these laws could remain effective for as long as it took to complete a trial, with no compensation for a challenger once it was repealed. Awarding fees to HTFF as a prevailing party is consistent both with precedent and Congress's goals in enacting the fee-shifting provisions in federal civil rights law.

## ARGUMENT

### I.    The district court correctly ruled that HTFF is a prevailing party entitled to fees.

Appellant cannot reasonably dispute that Appellee prevailed in the district court. HTFF won a permanent injunction after a trial on the merits, enjoining the only statutory provision it challenged. Doc.262 at 287–88. A plaintiff prevails when it "obtain[s] an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (internal citations omitted); *see also Lackey v. Stinnie*, 604 U.S. 192, 203–04 (2025) ("[A] plaintiff 'prevails' under [section 1988] when a court conclusively resolves a claim by granting enduring judicial relief on the merits that materially alters the legal relationship between the parties.").

To be entitled to attorneys' fees, the party must be awarded relief that "must directly benefit him *at the time of the judgment or settlement*." *Jefferson Cnty. Bd. of Educ. v. Bryan M.*, 706 F. App'x 510, 514 (11th Cir. 2017) (quoting *Farrar*, 506

U.S. at 111) (emphasis added). That party "must be able to point to a resolution of the dispute which materially altered the legal relationship between the parties." *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1376 (11th Cir. 2022) (citing *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989)); *see also Bryan M.*, 706 F. App'x at 514 ("The plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant, such as an enforceable judgment on the merits.") (cleaned up) (first quoting *Tex. State Tchrs. Ass'n*, 489 U.S. at 792, then quoting *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Hum. Ress.*, 532 U.S. 598, 604 (2001)). Entitlement to fees does not require that the plaintiff prevail on each of its claims. *Fox v. Vice*, 563 U.S. 826, 834 (2011); *Common Cause Ga. v. Georgia*, 17 F.4th 102, 108 (11th Cir. 2021).

HTFF is the quintessential "prevailing party." Appellant *cannot* deny that HTFF prevailed at the district court by obtaining a final judgment granting the substantive relief it sought against the sole statutory provision it challenged. Specifically, HTFF challenged the constitutionality of the Disclaimer Provision and sought a permanent injunction against its enforcement. Doc.1 at 29–41, ¶¶ 82–118. Following trial on the merits and extensive post-trial briefing, the district court ruled in HTFF's favor, holding that the Disclaimer Provision constituted compelled speech in violation of the First Amendment. Doc.262 at 200, 287. Accordingly, the

district court granted judgment to HTFF and issued a permanent injunction immediately prohibiting Appellant from enforcing the Disclaimer Provision, thereby materially altering the parties' relationship. *Id.* at 287. HTFF's favorable judgment was never reversed.

Appellant obfuscates the fact that HTFF obtained complete relief in its suit. Although Appellant acknowledges that HTFF "sought a permanent injunction prohibiting the Secretary and Attorney General from enforcing SB 90's Registration-Disclaimer Provision against it" and that "[f]ollowing trial the district court granted the permanent injunction," Appellant Br. at 10, Appellant baldly asserts "Plaintiffs lost on nearly all their claims," *id.* at 11. This is false. Appellant cannot deny Appellee HTFF's complete success in its challenge to a single provision in SB 90.

Appellant also ignores that to determine prevailing party status for attorneys' fees, courts do not determine entitlement based on some percentage of claims upon which a plaintiff succeeded. Instead, to be a prevailing party, "the party must be awarded some relief on the merits of its claim by the court." *Royal Palm Props., LLC*, 38 F.4th at 1376 (citing *Buckhannon*, 532 U.S. at 603).

> The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute. Where such a change has occurred, the degree of the plaintiff's overall success goes to the reasonableness of the award . . . not to the availability of a fee award *vel non.*

13

*Tex. State Tchrs. Ass'n*, 489 U.S. at 792–93. Indeed, "a civil-rights plaintiff need not succeed on every claim in order to recover attorney's fees. Success on a single claim is sufficient to become a prevailing party." *Green Party of Tenn. v. Hargett*, 767 F.3d 533, 552 (6th Cir. 2014) (citing *McQueary v. Conway*, 614 F.3d 591, 603 (6th Cir. 2010)).

Finally, to the extent Appellant complains here about issues of shared labor and the reasonableness of the amount of time spent on the litigation, those do not implicate the threshold issue of entitlement to fees, but rather the calculation and reasonableness of fees. Here, however, Appellant *only* disputes HTFF's *entitlement* on appeal. Appellant did *not* appeal the amount or reasonableness of fees awarded. The district court addressed these concerns regarding the calculation of reasonable fees by reducing the requested fee amounts, an issue within its sound discretion, and Appellant does not address any issues regarding the district court's calculations in its brief.

## II.    The district court correctly ruled that HTFF is still a prevailing party, notwithstanding the judgment's vacatur for mootness after the entry of final judgment on the merits.

Appellant contends that HTFF is not a prevailing party because this Court vacated the district court's judgment for mootness after the post-judgment repeal. Appellant's Br. at 13–14. According to Appellant, HTFF's victory was merely

14

"transient because it was ultimately vacated under *Munsingwear*." *Id*. at 14. The district court correctly rejected Appellant's argument for several reasons.

### A.    Under controlling Eleventh Circuit law, post-judgment vacatur does not extinguish HTFF's prevailing party status.

The Eleventh Circuit has consistently held that post-judgment vacatur for mootness does not negate a plaintiff's success on the merits and resulting prevailing party status. *Thomas v. Bryant*, 614 F.3d 1288, 1294 (11th Cir. 2010) ("[The plaintiff] may still be a 'prevailing party' entitled to attorneys' fees for the costs of the district court litigation notwithstanding his untimely death and the subsequent mootness of his lawsuit pending appeal."); *Bryan M.*, 706 F. App'x at 514–16 (holding that appeal and counterclaim's mootness did "not mean that the Parents are not prevailing parties"); *see also Gaylor v. N. Springs Assocs., LLLP*, 648 F. App'x 807, 811 (11th Cir. 2016) (vacating judgment below in light of mootness but recognizing such action "does not affect [the plaintiff's] status as a prevailing party for purposes of attorney's fees for the district court litigation"); *see also Jacksonville Prop. Rts. Ass'n v. City of Jacksonville*, 635 F.3d 1266, 1275 n.20 (11th Cir. 2011) (noting "that [the Court's] decision to dismiss each parties' appeal, vacate the judgment, and instruct the district court to dismiss the case will not deprive the Plaintiffs of the opportunity to seek those § 1988 attorneys' fees").

The leading Eleventh Circuit case on this issue is *Bryant*, in which an inmate successfully prevailed and obtained a permanent injunction in the district court. 614

F.3d at 1294. While on appeal, the inmate died, rendering the case moot. *Id*. The Eleventh Circuit held that even though the permanent injunction was due to be dissolved because the case was now moot, the inmate still was a prevailing party under 42 U.S.C. § 1988. *Id*. The Eleventh Circuit set forth the following commonsense, bright-line rule: "When plaintiffs clearly succeeded in obtaining the relief sought before the district court and an intervening event rendered the case moot on appeal, plaintiffs are still 'prevailing parties' for the purposes of attorney's fees for the district court litigation." *Id*. (quoting *Diffenderfer v. Gomez-Colon*, 587 F.3d 445, 454 (1st Cir. 2009)).

The Eleventh Circuit subsequently reaffirmed *Bryant* in *Bryan M.*, where parents brought claims under the Individuals with Disabilities Education Act ("IDEA") against their child's school district. 706 F. App'x at 512. A hearing officer found in favor of the parents on some of their claims and ordered the school district to provide training for school staff and an individualized education program that fully complied with the IDEA. *Id*. The Board conducted the ordered training and, separately, the parents ultimately withdrew their child from the school district. *Id*. at 513. Thereafter, the Board challenged the hearing officer's decision in federal court, and the parents counterclaimed, seeking attorneys' fees as prevailing parties. *Id*.

The district court determined that the appeal and counterclaims were moot because the board had already complied with the administrative order, and because

the child was no longer enrolled in the school. *Id*. The district court further held that the parents "were entitled to attorney's fees as prevailing parties under § 1415, even though any appeal from the merits of the due process ruling was moot." *Id*.

The Eleventh Circuit affirmed both district court rulings, expressly holding that the fact that the merits of the appeal and counterclaim had become moot did "not mean that the Parents are not prevailing parties." *Id*.; *see id.* at 514–16.[5] In so doing, the Eleventh Circuit reiterated its holding in *Bryant* and emphasized that "it is undeniable that the Parents had, at that point, obtained a judgment they were entitled to enforce." *Id*. at 515–16 (citing *Farrar*, 506 U.S. at 574). The fact that the child's parents had not had to enforce the judgment did not mean they were "any less a prevailing party." *Id*.

Appellant cannot distinguish *Bryant* from the instant case. Instead, Appellant bemoans that *Bryant* "didn't address *Sole* or *Munsingwear*." Appellant's Br. at 14. This is a red herring. *Bryant* did not need to address *Sole v. Wyner*, 551 U.S. 74 (2007), because, as in this appeal, *Sole* was inapposite. As discussed *infra* at 26–27, *Sole* concerned a plaintiff who had obtained only a preliminary injunction and then subsequently *lost* on the merits, whereas *Bryant* concerned a plaintiff who had *won*

---

[5] In rendering its decision, the Eleventh Circuit relied on *Buckhannon* and *Farrar*, among other cases, acknowledging that "both the Supreme Court and this Court have construed the phrase 'prevailing parties' the same way across a wide variety of attorney's fees provisions." *Bryan M.*, 706 F. App'x at 514 n.2.

on the merits and obtained a permanent injunction, which became moot after final judgment due to plaintiff's untimely death. *Compare Sole*, 551 U.S. at 79–81, *with Bryant*, 614 F.3d at 1294. So too here. HTFF won on the merits and obtained a permanent injunction, which became moot post-judgment.

That this Court did not specifically invoke *Munsingwear* in *Bryant* is irrelevant to its controlling holding here. Nothing specific to *Munsingwear* vacatur would have materially changed the Court's analysis, let alone its holding. Nor does Appellant argue that the Court erred in *Bryant* by not invoking, analyzing, or applying *Munsingwear*—and indeed, Appellant does not argue that the outcome would have been different had it done so. The Supreme Court's decision in *Munsingwear* stands for the principle that when a pending appeal has become moot by "happenstance" (*i.e.*, through no fault of either party), equitable considerations require the appellate court to vacate the underlying district court judgment and dismiss the appeal. 340 U.S. at 39–40. *Bryant* accords with the same principle: "Where a case becomes moot after the district court enters judgment but before the appellate court has issued a decision, the appellate court must dismiss the appeal, vacate the district court's judgment, and remand with instructions to dismiss as moot." 614 F.3d at 1294 (internal citations omitted). But *Bryant* also analyzes "prevailing party" status in the context of vacatur for mootness, and *Munsingwear* and its progeny do not hold or even imply that vacatur prohibits the awarding of

attorneys' fees. *See generally*, *Munsingwear*, 340 U.S. 36; *see, e.g.*, *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18 (1994). By contrast, *Bryant* explicitly provides that a plaintiff's "prevailing party" status survives any vacatur for mootness.

Appellant fails to recognize that the Eleventh Circuit is in accord with its sister circuits, which have consistently refused to deprive a plaintiff who has secured permanent relief of "prevailing party" status based on an intervening, post-judgment change of circumstance that moots further proceedings. In *Bryant*, the Eleventh Circuit explicitly adopted the First Circuit's articulation of the rule: "When plaintiffs clearly succeeded in obtaining the relief sought before the district court and an intervening event rendered the case moot on appeal, plaintiffs are still 'prevailing parties' for the purposes of attorney's fees for the district court litigation." *Diffenderfer*, 587 F.3d at 454 (1st Cir. 2009); *see supra* at 15.

Likewise, in *Kirk v. New York State Department of Education*, the Second Circuit held that vacatur of a permanent injunction as moot did not deprive plaintiff of prevailing party status and affirming award of attorneys' fees under section 1988. 644 F.3d 134 (2d Cir. 2011). The same is true in the Fourth Circuit, where, for example, in *Grabarczyk v. Stein*, the court affirmed plaintiff's prevailing party status, even though plaintiff's permanent injunction became moot on appeal following legislative amendment and, thus, needed to be vacated. 32 F.4th 301, 307

19

(4th Cir. 2022). Additionally, in *Libertarian Party of Arkansas v. Martin*, the Eighth Circuit affirmed the award of attorneys' fees under section 1988 where "[Plaintiff] was the prevailing party . . . because the district court awarded it declaratory relief and deemed the statutory scheme unconstitutional. [Plaintiff] obtained a material alteration in its legal relationship with the [Defendant], prior to the legislative action that rendered its lawsuit moot." 876 F.3d 948, 952–53 (8th Cir. 2017) (internal citations omitted).

Similarly, in *National Rifle Association of America v. City of Chicago*, the Seventh Circuit held that the U.S. Supreme Court's judgment in the plaintiffs' favor was "the necessary judicial *imprimatur*" to establish plaintiffs' prevailing party status and entitlement to attorneys' fees, even though city ordinances enacted a few days after the U.S. Supreme Court's decision mooted the litigation. 646 F.3d 992, 993–94 (7th Cir. 2011) (citing *Buckhannon*, 532 U.S. at 605). So, too, in the Fifth Circuit, Sixth Circuit, and D.C. Circuit. *See, e.g.*, *Meyers v. CBS Corp.*, No. 15-30528, 2015 WL 13504685, at *1 (5th Cir. Oct. 28, 2015) (recognizing that dismissal of the case should not prejudice plaintiff's right to apply for attorney's fees); *Green Party of Tenn.*, 767 at 552–53 (holding that where plaintiff succeeded in obtaining some relief sought before the district court on summary judgment, and an intervening legislative event rendered case moot on appeal, plaintiff was still the prevailing party for purposes of recovering attorneys' fees); *Grano v. Barry*, 783

F.2d 1104, 1109 (D.C. Cir. 1986) ("In the case before us, the plaintiffs' success before the District Court was clearly 'on the merits'. . . . The mootness of the subsequent appeal of that holding following the actual election and the passage of the initiative, emphasizes, rather than detracts from, the practical substance of their victory."); *see also Migliori v. Lehigh Cnty. Bd. of Elects.*, 668 F. Supp. 3d 337, 346–48 (E.D. Pa. 2023) ("Although the Third Circuit's favorable judgment is no longer binding law, the effect of vacatur is not equivalent to a reversal on the merits . . . . Here, the case did not become moot until *after* the Third Circuit's judgment issued, and therefore, Plaintiffs *did* receive their requested relief.").

Suffice it to say, *Bryant* is not an outlier. It is also the law in this Circuit. Just as the district court adhered to *Bryant*, *see* Doc.327 at 3–4, so too should this Court.

## B. Appellant wrongly conflates vacatur for mootness with reversal on the merits.

Appellant's argument hinges on a deeply erroneous premise—namely, that vacatur for mootness is tantamount to a reversal on the merits and, thus, operates to extinguish "prevailing party" status. *See* Appellant's Br. at 13–15. This is palpably false. As an initial matter, Appellant cites no binding Supreme Court or Eleventh Circuit authority that supports their argument that *Munsingwear* vacatur specifically or vacatur for mootness generally vitiates HTFF's prevailing party status and entitlement to fees.

21

On the contrary, this identical argument has been expressly rejected by other circuit courts. *Diffenderfer*, 587 F.3d at 453 ("[Defendant's] lone argument on appeal is that vacatur of this judgment means that plaintiffs are no longer 'prevailing parties' at any stage of the litigation. . . . We reject this argument, which misunderstands the difference between reversal on the merits and vacatur of a moot case.") (citing cases); *Planned Parenthood Sw. Ohio Region v. DeWine*, 931 F.3d 530, 540 (6th Cir. 2019) (holding that vacatur on mootness grounds "does not represent the kind of active, merits-based undoing the Supreme Court referred to in *Sole*."); *Kan. Jud. Watch v. Stout*, 653 F.3d 1230, 1240 (10th Cir. 2011) (explaining the "critical distinction" between "injunctions vacated on mootness grounds and . . . injunctions vacated as a result of an adverse decision on the merits" for prevailing party status); *see also Green Party of Tenn.*, 767 F.3d at 552 ("In contrast, if the reversal is not on the merits, it does not necessarily upset the prevailing party's status."); *Migliori*, 668 F. Supp. 3d at 347 ("'vacated' is not 'reversed.'") (citing *Diffenderfer*, 587 F.3d at 453).

Although the district court's judgment is no longer in force, critically, the *effect* of vacatur is not the same as a reversal on the merits. By contrast, a reversal on the merits deprives a plaintiff of prevailing party status because it declares that the plaintiff was *never* legally entitled to the relief initially obtained. *See Diffenderfer*, 587 F.3d at 453; *see also Migliori*, 668 F. Supp. 3d at 347–48. By

22

contrast, "in the mootness context, a 'prevailing party' is a party who managed to obtain a favorable, material alteration in the legal relationship between the parties *prior* to the intervening act of mootness." *Diffenderfer*, 587 F.3d at 453. As the *Diffenderfer* court explained:

> Vacatur, unlike a reversal of the district court's judgment on the merits, does not reflect upon the underlying merits of the parties' claims, which the court no longer has jurisdiction to determine.
>
> . . .
>
> However, even when federal courts lack jurisdiction to decide the merits of an appeal, the expiration of the underlying cause of action does not moot a controversy over attorney's fees already incurred.

*Id.* at 451–52 (internal quotation marks and citations omitted) (rejecting argument that mootness was equivalent to reversal on the merits).

The moment the district court entered final judgment, the Disclaimer Provision was rendered immediately unenforceable. HTFF and other community voter registration organizations in Florida were no longer compelled to deliver to potential voters a government message contrary to their own organizational messages and goals. And here, critically, HTFF's final relief was *not* reversed on the merits. Instead, *after* HTFF's judgment issued, the Florida Legislature repealed the Disclaimer Provision, thereby mooting the merits appeal. The judgment caused a "material alteration in the legal relationship between the parties *prior* to the intervening act of mootness." *See id*.

23

After the judgment had been in effect for a year,[6] including the coming and going of yet another legislative session, the appeal was dismissed and the underlying judgment was vacated in accordance with standard practice under *Munsingwear*. As the *Munsingwear* Court explained, this procedural practice "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." 340 U.S. at 39–40. *Munsingwear* vacatur is *not* a repudiation of the district court's final judgment on the merits, and it does not change the fact that HTFF had prevailed *prior to* the intervening act that rendered the case moot. HTFF received its requested relief at the district court before the case became moot. *See Diffenderfer*, 587 F.3d at 454 (holding that plaintiffs who obtained permanent injunction were "'prevailing parties' entitled to attorney's fees for the costs of the district court litigation notwithstanding the subsequent mootness" due to legislative action). Thus, vacatur for mootness does not bear on HTFF's prevailing party status or concomitant entitlement to fees under Section 1988.

In urging this Court to treat vacatur for mootness and reversal on the merits as one and the same, Appellant relies on a non-binding concurring opinion from a single Fifth Circuit judge sitting on an *en banc* court of fifteen judges in *Thomas v.*

---

[6] This Court stayed the judgment pending appeal as to other provisions challenged in other actions in the consolidated litigation by other plaintiffs, but specifically did not address the Registration Disclaimer given its repeal. *See League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363, 1372 & n.9 (11th Cir. 2022).

*Reeves*, 961 F.3d 800, 828 (5th Cir. 2020). Appellant's Br. at 14. *Reeves* concerned

a challenge under Section 2 of the Voting Rights Act to Mississippi's electoral

district lines and a dispute over the applicability of Mississippi's three-judge district

court statute, which requires a three-judge court for constitutional challenges to the

apportionment of congressional districts or the apportionment of any statewide

legislative body. *Reeves*, 961 F.3d at 801. The appellate court unanimously

determined that the case became moot after the 2019 election occurred, meaning that

was the last time the current district lines would be used. *Id*. The appellate court

made no determination concerning plaintiffs' application for attorneys' fees. *See id.*

at 827 (J. Oldham, concurring).[7] In a solo concurrence, Judge Oldham expressed his

opinion that, under *Sole*, *Munsingwear* vacatur also moots plaintiffs' fee application.

*Id*. at 828. Judge Oldham's concurrence is neither binding nor persuasive, and this

Court should reject Appellant's invitation to adopt it. This concurrence is not law in

---

[7] Appellant fails to acknowledge that the district court in *Reeves* subsequently *granted* plaintiffs' motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988. Order at 3–5, 26, *Thomas v. Reeves*, No. 3:18-CV-441-CWR-FKB (S.D. Miss. Feb. 11, 2021), ECF No. 118. In so doing, the district court expressly rejected defendants' assertion that "vacatur, in and of itself, precludes the Plaintiffs from having prevailed," noting "[t]hey cite no cases for that conclusion." *Id*. at 4. The district court also expressly rejected defendants' reliance on *Munsingwear* and its progeny. *Id*. at 4 n.2 ("Several of the cases Defendants cite discuss only whether vacatur was appropriate. They do not state that vacatur prohibits the awarding of attorneys' fees."). Defendants subsequently satisfied the fee award. Satisfaction of Order, *Thomas v. Reeves*, No. 3:18-CV-441-CWR-FKB (S.D. Miss. July 14, 2021), ECF No. 123.

the Eleventh Circuit—nor does it appear to be the law in *any circuit*. On the contrary, the Eleventh Circuit has clearly and consistently held that a plaintiff who obtains final relief in the court below, but whose victory is mooted on appeal by an intervening event, is still a prevailing party entitled to fees *even if* the Court vacates the underlying judgment on mootness grounds. *Supra* at 14–16. There is no reason to depart from this well-established, controlling precedent here. Moreover, like Appellant, the concurrence in *Reeves* misinterpreted the Supreme Court's narrow holding in *Sole*. As discussed below, *infra* at 26–27, *Sole* merely establishes that a party who obtains a preliminary injunction but ultimately loses on the merits is not a prevailing party and, thus, is not entitled to attorneys' fees.

### C. *Sole* and *Lackey* support HTFF's argument that its permanent injunction is "material, enduring" relief sufficient to establish its prevailing party status.

Appellant incorrectly labels HTFF's final judgment as "transient" and proceeds to mischaracterize the Supreme Court's limited holdings in *Sole* and *Lackey* to suit its preferred outcome. According to Appellant, HTFF's permanent injunction does not qualify as a "material, enduring legal change" because the underlying judgment was vacated for mootness. Appellant's Br. at 13–15. This argument misunderstands the Supreme Court's distinction between "transient" and "enduring" relief and, for the reasons discussed, *Sole* and *Lackey* are readily

distinguishable. "Enduring," as used in these cases, merely signifies the permanence of the district court's injunction.

The Supreme Court's decisions in *Sole* and *Lackey* hold only that a plaintiff's *preliminary* relief is not enduring relief sufficient to establish prevailing party status. *Sole*, 551 U.S. at 85–86; *Lackey*, 604 U.S. at 201–04. This concept of "enduring" relief originates in *Sole.* 551 U.S. 74 at 78–86. There, the Supreme Court rejected attorneys' fees for "transient" victories where a plaintiff's "initial success is *undone*" by a later decision in the case. *Id*. at 78 (emphasis added). As the Court explained in *Sole*, "[o]f controlling importance to [its] decision" was the fact that "the eventual ruling on the merits for defendants . . . superseded the preliminary ruling." *Id.* at 84–85. There, the plaintiff's "temporary success rested on a premise the District Court ultimately rejected." *Id.* at 85. As a result of that ultimate rejection, the plaintiff "gained no enduring change in the relationship between herself and the state officials she sued." *Id.* (cleaned up).

This is readily distinguishable from the instant case, where final judgment in Appellee HTFF's favor was awarded after trial. Unlike HTFF, the *Sole* plaintiff did not secure *permanent* change in the relationship between herself and the defendants because the merits ruling superseded the contrary, preliminary result.

In *Lackey*, after plaintiffs obtained a preliminary injunction but *before* the district court ruled on the merits and entered final judgment, state lawmakers

27

repealed the challenged statute, thereby mooting the case. 604 U.S. at 195–96. Relying on *Sole*, the Supreme Court held that plaintiffs were not prevailing parties because they had only obtained a preliminary injunction. *See id.* at 200–01. As the Supreme Court explained, preliminary injunctions "do not conclusively resolve legal disputes" and, thus, are "transient" in nature. *Id*. In other words, no court had "conclusively resolved" the parties' claims by granting "enduring judicial relief on the merits that materially alter[ed] the legal relationship between the parties." *Id*. at 201–04. Put simply, "[b]ecause preliminary injunctions do not conclusively resolve the rights of parties on the merits, they do not confer prevailing party status." *Id*. at 201. In contrast, a permanent injunction is a conclusive resolution and cannot be "transient" in nature. Vacatur from mootness while an appeal is pending does not undermine the permanent nature of the injunctive relief a court awards at the time a judgment is issued.

In contrast to the plaintiffs in both *Lackey* and *Sole*, HTFF obtained *permanent* injunctive relief. These fundamental distinctions in procedural posture and the nature of the relief granted in the instant case are dispositive and compel a ruling in HTFF's favor. HTFF's judicially sanctioned relief was final, conclusive, and on the merits— not merely preliminary or transient. HTFF's relief was enduring, *i.e.*, permanent. The Second Circuit in *Kirk* rejected an argument similar to Appellant's here. 644 F.3d at 137–39. There, relying on *Sole*, the defendant framed plaintiff's victory as

transient because the final judgment it won was, in the defendant's view, subsequently "lost" when it became moot. *Id*. at 137. The court rejected that theory, finding *Sole* "materially different" in at least three respects. *Id*. at 138. "First, [plaintiff] obtained a judgment on a fully developed record, whereas *Sole* involved an abbreviated record and a preliminary determination that was superseded by a ruling on the merits for defendants." *Id*. "Second, in this case, unlike in *Sole*, no court overturned [plaintiff's] favorable judgment on the merits or rejected the legal premise of the district court's decision." *Id*. "Finally, and most importantly, unlike the plaintiff in *Sole*, [plaintiff] did not leave court empty handed; he 'prevailed' in June 2008 when he left with an order requiring the Department to issue him a veterinarian license." *Id*.

For the same reasons, Appellant's argument should similarly be rejected here. *See id.* at 138–39; *Lackey*, 604 U.S. at 202, 207–08; *cf. Sole*, 551 U.S. at 86. The relief awarded to HTFF materially altered the parties' relationship because as soon as the permanent injunction was entered, HTFF and groups like it were no longer forced to undermine themselves by uttering the government's message alongside their own. HTFF's relief was never "reversed, dissolved, or otherwise undone by the final decision in the same case" on the merits. *See Sole*, 551 U.S. at 83. Neither the Eleventh Circuit nor the Supreme Court has ever held that a plaintiff must prevail *for all of time* to recover its fees under section 1988, and this Court should decline

to do so. *See Disability Rts. N.M. v. Lucero*, No. 22-cv-954-WJ-JFR, 2025 WL 623493, at *2 n.4 (D.N.M. Feb. 25, 2025) (relying on *Lackey* to award fees in the context of a judicially enforceable settlement because it was a merits-based resolution rather than a temporary restraining order or preliminary injunction and was therefore "enduring").

## CONCLUSION

In sum, the district court correctly ruled that, having won a final judgment on the merits, HTFF is a prevailing party entitled to fees, notwithstanding the judgment's vacatur for mootness. Under Eleventh Circuit precedent, post-judgment circumstances that render an appeal moot do not divest the prevailing party of attorneys' fees. The Supreme Court holdings in *Lackey* and *Sole* do not change this result. They stand merely for the proposition that a party who won only *preliminary* relief that was never finalized before the proceeding became moot cannot recover attorneys' fees. But neither case excuses the defendant from paying fees to compensate a plaintiff for securing a favorable final judgment on the merits. The judgment of the district court should be affirmed.

Dated: February 9, 2026

Respectfully submitted,

*/s/ Michelle E. Kanter Cohen*

Matletha Bennette
SOUTHERN POVERTY LAW CENTER
P.O. Box 10788
Tallahassee, FL 32302-2788
Tel: (850) 408-4840
matletha.bennette@splcenter.org

Avner Shapiro*
SOUTHERN POVERTY LAW CENTER
1101 17th St. NW, Ste. 550
Washington, DC 20036
Tel: 470-989-5426
avner.shapiro@splcenter.org

William Devaney**
BAKER & MCKENZIE LLP
452 Fifth Avenue
New York, NY 10018
Tel: 212-626-4100
william.devaney@bakermckenzie.com

Michelle E. Kanter Cohen
FAIR ELECTIONS CENTER
1825 K Street NW, Ste. 701
Washington, DC 20006
Tel: 202-331-0114
mkantercohen@fairelectionscenter.org

Angela C. Vigil*
BAKER & MCKENZIE LLP
830 Brickell Plaza, Ste. 3100
Miami, FL 33131
Tel: 305-789-8900
angela.vigil@bakermckenzie.com

*Appearance forthcoming*
***Motion for admission pro hac vice forthcoming*
*Counsel for Harriet Tubman Freedom Fighters Corp.*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing complies with the word limit of Fed. R. App. P. 32(a)(7)(B)(1) because it contains 6,955 words, excluding the parts that can be excluded. This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2026, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered to receive notifications.

February 9, 2026

/s/ *Michelle E. Kanter Cohen*
Michelle E. Kanter Cohen

*Attorney for Plaintiff-Appellee*